Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Case No. 09-33886-HDH |
| | § | (Jointly Administered) |
| Debtors. | § | |

## FEE APPLICATION COVER SHEET

| | |
|---|---|
| Fee Application: | First Interim |
| Applicant: | Dennis L. Roossien, Jr., Chapter 11 Trustee |
| Time Period: | July 2, 2009 through September 30, 2009 |
| Capacity: | Chapter 11 Trustee |
| Retainer Received: | None |
| Total Fees: | $83,674.00 |
| Total Expenses: | $0.00 |
| Fees Paid Per Modified Fee Procedure Order: | $66,939.20 |

**FEE APPLICATION COVER SHEET – Page 1**

Unpaid Amount:                $16,734.80

Total Hours:                  246.10

    Respectfully submitted this 3rd day of November, 2009.

    /s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584

Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| In re: | § | Chapter 11 |
|---|---|---|
|  | § |  |
| PROVIDENT ROYALTIES, LLC, *et al.*,[1] | § | Case No. 09-33886-HDH |
|  | § | (Jointly Administered) |
|  | § |  |
| Debtors. |  |  |

## FIRST INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES FOR THE PERIOD JULY 2, 2009 THROUGH SEPTEMBER 30, 2009

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 4, 2009, AT 9:00 A.M. (CST) AT THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF**

---

[1] The Debtors include the following: Provident Royalties, LLC, Case No. 09-33886; Provident Operating Company, LLC, Case No. 09-33893; Somerset Lease Holdings, Inc., Case No. 09-33892; Somerset Development, Inc., Case No. 09-33912; Provident Energy 1, LP, Case No. 09-33888; Provident Resources 1, LP, Case No. 09-33887; Provident Energy 2, LP, Case No. 09-33894; Provident Energy 3, LP, Case No. 09-33899; Shale Royalties II, Inc., Case No. 09-33889; Shale Royalties 3, LLC, Case No. 09-33891; Shale Royalties 4, Inc., Case No. 09-33890; Shale Royalties 5, Inc., Case No. 09-33895; Shale Royalties 6, Inc., Case No. 09-33896; Shale Royalties 7, Inc., Case No. 09-33898; Shale Royalties 8, Inc., Case No. 09-33900; Shale Royalties 9, Inc., Case No. 09-33902; Shale Royalties 10, Inc., Case No. 09-33901; Shale Royalties 12, Inc., Case No. 09-33903; Shale Royalties 14, Inc., Case No. 09-33905; Shale Royalties 15, Inc., Case No. 09-33904; Shale Royalties 16, Inc., Case No. 09-33906; Shale Royalties 17, Inc., Case No. 09-33913; Shale Royalties 18, Inc., Case No. 09-33907; Shale Royalties 19, Inc., Case No. 09-33908; Shale Royalties 20, Inc., Case No. 09-33910; Shale Royalties 21, Inc., Case No. 09-33909; and Shale Royalties 22, Inc., Case No. 09-33911.

**TEXAS, EARLE CABELL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE (23) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Dennis L. Roossien, Jr. (the "Trustee"), the Chapter 11 Trustee for Provident Royalties, LLC and its affiliates (collectively, the "Debtors"), files his first interim application (the "Application") for the allowance of fees for the period July 2, 2009 through September 30, 2009 (the "Compensation Period"), respectfully stating as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## II. BACKGROUND

3. On June 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), initiating the above-referenced cases with this Court (collectively, the "Bankruptcy Cases").

4. On July 1, 2009, the Securities and Exchange Commission (the "SEC") filed its *Complaint*[2] (the "SEC Complaint") with United States District Court for the Northern District of Texas (the "District Court") against the Defendants and the Relief Defendants (as defined in the Complaint). The SEC Complaint sought, among other things, the appointment of a receiver over the property and the estates (the "Receivership Estates") of certain of the Defendants and the Relief Defendants: Provident Royalties, LLC, Provident Asset Management, LLC, Provident Energy 1, LP, Provident Resources 1, LP, Provident Energy 2, LP, Provident Energy 3, LP, Shale Royalties II, Inc., Shale Royalties 3, LLC, Shale Royalties 4, Inc., Shale Royalties 5, Inc., Shale Royalties 6, Inc., Shale Royalties 7, Inc., Shale Royalties 8, Inc., Shale Royalties 9, Inc., Shale Royalties 10, Inc., Shale Royalties 12, Inc., Shale Royalties 14, Inc., Shale Royalties 15, Inc., Shale Royalties 16, Inc., Shale Royalties 17, Inc., Shale Royalties 18, Inc., Shale Royalties 19, Inc., Shale Royalties 20, Inc., Provident Operating Company, LLC, Somerset Lease Holdings, Inc., Somerset Development, Inc., Shale Royalties 21, Inc., and Shale Royalties 22, Inc. (collectively, the "Receivership Defendants"). The Receivership Defendants are, for all practical purposes, the Debtors in the Bankruptcy Cases and, therefore, the Receivership Estates are also, for all practical purposes, the Debtors' bankruptcy estates (the "Estates").

5. The following day, the Honorable Sam A. Lindsay granted the SEC the relief it requested in the SEC Complaint and entered the *Order Granting Temporary Restraining Order, Appointing Receiver, Freezing Assets, Staying Litigation,*

---

[2] The "Complaint" is that certain pleading filed by the SEC with the District Court, thereby commencing Civil Case No. 3-09CV1238-L. The Complaint is supported by the SEC's *Memorandum of Law in Support of Motion for Ex Parte Order Freezing Assets and Other Emergency Relief, in Support of Motion to Appoint Receiver and Order to Show Cause Why a Preliminary Injunction Should Not Issue*, which the SEC filed the same day as the Complaint.

**FIRST INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES FOR THE PERIOD JULY 2, 2009 THROUGH SEPTEMBER 30, 2009** – Page 3

*Prohibiting the Destruction of Documents and Accelerating Discovery* (the "District Court Order"), thereby, in effect, appointing the Trustee as the receiver of the Debtors. Thereafter, the Trustee, represented by Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), proceeded to act as the trustee of the Estates.

6. On July, 17, 2009, the Bankruptcy Court entered the *Stipulation Approving Protocol for the Receiver to Serve as Chapter 11 Trustee in the Bankruptcy Cases* (the "Protocol").[3] The Protocol validated the District Court Order by formally appointing the Trustee as the Chapter 11 trustee in the Bankruptcy Cases pursuant to section 1106 of the Bankruptcy Code, and, at the same time, allowing the Trustee to continue to act as the receiver of the non-debtor Defendants and Relief Defendants in the District Court Case, in accordance with the District Court Order and subject to the conditions set forth in the Protocol.

7. On July 20, 2009, the U.S. Trustee's Office appointed the Trustee to serve as the Chapter 11 trustee in the Bankruptcy Cases. By order [Docket No. 119] (the "Appointment Order") entered on the same day, the Trustee's appointment was confirmed and approved by the Court. A true and correct copy of the Appointment Order is attached hereto as **Exhibit A**.[4]

8. On July 2, 2009, the Debtors filed their *Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* [Docket No. 64] (the "Interim Compensation Procedures Motion"). On

---

[3] The Protocol was agreed to, accepted, and approved in all respects by Munsch Hardt as counsel for the receiver, by the proposed counsel for the Official Committee of Unsecured Creditors, by counsel for the Securities and Exchange Commission, by proposed counsel for, what is now, the Official Investors Committee, by the Honorable Sam A. Lindsay, and by the Honorable Harlin D. Hale.

[4] The exhibits to the Application have been filed with the Court, but are not being served on the parties receiving service via United States mail. Upon written request, Munsch Hardt will provide the exhibits to a requesting party at no charge.

July 31, 2009, the Court entered its order granting the Interim Compensation Procedures Motion [Docket No. 152] (the "Interim Compensation Procedures Order").  Among other things, the Interim Compensation Procedures Order allows the Debtors to pay, absent an objection, eighty percent (80%) of the monthly fees and one hundred percent (100%) of the monthly expenses of all professionals retained in the Debtors' Bankruptcy Cases, including professionals retained by the Official Committee of Unsecured Creditors (the "Creditors' Committee") or the Official Investors' Committee (the "Investors' Committee") in the Bankruptcy Cases.  Additionally, the Interim Compensation Procedures Order requires each professional retained in the Bankruptcy Cases to file interim fee applications beginning on November 2, 2009, and thereafter at approximately four (4) month intervals.

9. On September 4, 2009, the Trustee filed his *Motion to Modify the Order Granting Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* [Docket No. 255] (the "Modified Interim Compensation Procedures Motion").  The Modified Interim Compensation Procedures Motion sought Court approval to include the Trustee, as well as his attorneys and financial advisors, as "Professionals" for the purpose of the Interim Compensation Procedures Order and to authorize the Trustee and his professionals to seek interim compensation pursuant to the procedures therein.  On September 16, 2009, the Court entered an order [Docket No. 295] (the "Modified Interim Compensation Procedures Order") granting the Trustee's Modified Interim Compensation Procedures Motion.

### III. SUMMARY OF THE APPLICATION

10. The Trustee requests interim approval, pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code and Rules 2016(a) and 9013 of the Federal Rules of Bankruptcy Procedure, of his fees in the amount of $83,674.00, and that the Court authorize the payment of the Trustee's unpaid fees in the amount of $16,734.80. The Trustee's invoices providing detailed time entries are attached hereto as **Exhibit B**. A summary of fees, payments received, and balance remaining is attached hereto as **Exhibit C**.

11. The Trustee has not received a retainer in connection with his appointment as Trustee.

### IV. PRIOR APPLICATIONS

12. This is the Trustee's first interim fee application in the Bankruptcy Cases. However, pursuant to the Modified Interim Compensation Procedures Order, the Trustee has submitted monthly invoices for the periods of: (i) July 1, 2009 through July 31, 2009; (ii) August 1, 2009 through August 31, 2009; and (iii) September 1, 2009 through September 30, 2009. As noted above, the invoices are attached hereto as **Exhibit B**, and a summary of the Trustee's monthly invoices for the Compensation Period, payments received, and the amount remaining due is attached hereto as **Exhibit C**.

### V. REQUEST FOR ALLOWANCE

**A.    Standards for Allowance of Fees and Expenses**

13. Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary professional services rendered by a professional in the case, determining the reasonableness of the compensation requested

based upon the nature, extent and value of such services. Similarly, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of such services. Specifically, section 330 provides in pertinence:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections . . . 328 . . ., the court may award to a . . . professional person employed under section 327 . . . –
>
> > (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses . . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, . . ., the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . .
> >
> > (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1) and (3). In considering the reasonableness of fees requested under section 330, the Fifth Circuit has traditionally used the lodestar method, whereby the loadstar is calculated by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate in the community and then adjusted upward or downward

based upon the factors listed in section 330(a)(3) and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] *See In re Cahill*, 428 F.3d 536, 539-40 (5th Cir. 2005); *see also Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *Donaldson Lufkin & Jenrette Secs. Corp. v. National Gypsum Co. (In re National Gypsum Co.)*, 123 F.3d 861, 863 (5th Cir. 1997); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

14. Pursuant to section 331 of the Bankruptcy Code, interim applications for the allowance of fees and expenses may be submitted every one hundred twenty (120) days following the entry of an order for relief, or at such earlier intervals as the court permits. *See* 11 U.S.C. § 331.

**B.    Application of Standards to the Trustee's Request for Fees**

15. The Trustee requests interim allowance of the fees incurred during the Compensation Period in the amount of $83,674.00. Such fees are reasonable and supported under the factors set forth in section 330(a)(3) and *Johnson*.[6]

*Time Spent on Services and Nature of Services Rendered*

16. During the Compensation Period, the Trustee spent 246.10 hours on major tasks including, but not limited to, the following:

    a.    <u>Initial Case Investigation</u>. The Trustee, among other things: (i) visited the Debtors' offices to address evidence preservation and to conduct preliminary witness interviews; (ii) addressed banking issues; (iii) addressed going concern matters and investor communications; (iv) met

---

[5] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues addressed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[6] *See* Footnote No. 5.

**FIRST INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES FOR THE PERIOD JULY 2, 2009 THROUGH SEPTEMBER 30, 2009 – Page 8**

with M. Segner regarding sources and uses findings, evidence preservation, investigative status, and administrative expense analysis; (v) directed technical staff to preserve evidence electronically; (vi) briefed M. Nastri on oil and gas issues and conferred with him at a later time for results of his gas asset investigation; (vii) conducted a detailed review of cash management position and addressed various means of managing costs; (viii) prepared a memoranda regarding witness interviews to date; and (ix) evaluated the possible need for an examiner.

b. <u>Business Operations</u>. During the Compensation Period, among other things, the Trustee: (i) met on a regular basis with D. Phelps regarding going concern matters; (ii) met with D. Phelps and Provident employees regarding operational issues; (iii) reviewed M. Segner's recommendations relative to cash flow proposals and met with him to discuss the proposals and other operational issues; (iv) conferred with M. Segner regarding the most recent forensic results; and (v) reviewed and executed monthly operating reports.

c. <u>Asset Sales/Disposition</u>. During the Compensation Period, the Trustee, among other things: (i) analyzed the sales proposal and managed ongoing marketing efforts; (ii) directed and confirmed that investor-referred potential purchasers be included in Raymond James' marketing efforts; (iii) review and discussed the farm-out agreement with counsel; (iv) reviewed several objections to the sale; and (v) reviewed and approved the marketing report.

d. <u>Sinclair Negotiations</u>. During the Compensation Period, the Trustee: (i) conferred with K. Lippman regarding the status of the Sinclair negotiations; (ii) reviewed the SEC report regarding the Sinclair transaction; (iii) conferred with the UCC's counsel regarding issues raised relative to the Sinclair transaction and possible avenues for possible resolution of same; (iv) conferred with Sinclair, UCC, and the Investors' Committee relative to same; (v) interviewed Mr. Melbye regarding issues and background facts relative to the Sinclair transaction; (vi) conferred with K. Lippman regarding potential means of resolving issues raised by both Committees relative to the Sinclair matter, as well as the Creditors' Committee's production request regarding same; (vii) conferred with Raymond James regarding Sinclair assets and potential means of resolving issues and moving forward on other sales transactions; (viii) met with the Investors' Committee's counsel regarding detailed case background, potential Sinclair issues, and asset maximization strategies; (ix) monitored settlement negotiations between Sinclair and the Investors' Committee; (x) prepared for and attended hearing on Sinclair transaction; and (xi) worked on closing and executed appropriate closing documents.

  e. <u>Communications with Committees</u>.  During the Compensation Period, the Trustee, among other things:  (i) attended the Creditors' Committee formation meeting and the Investors' Committee formation meeting at the U.S. Trustee's Office; (ii) addressed the Investors' Committee's demand for large fee allocation and interviewed Investors' Committee counsel regarding same; and (iii) worked with both Committees to resolve the Sinclair issues.

  f. <u>Claims Analysis/Objections</u>.  During the Compensation Period, the Trustee, among other things:  (i) met with counsel regarding evaluation of claims against various parties based upon investigations conducted to date and directed course of action to be taken in light of same; and (ii) discussed with his counsel potential means of resolving D&O claims and requested additional investigation into insurance coverage.

  g. <u>Tax Issues</u>.  During the Compensation Period, the Trustee considered the appropriate approach to be taken relative to tax returns and K-1s and briefed C. Speer on tax issues and direct handling of same.

### *Rates Charged for Such Services and Their Customary Nature*

17. Pursuant to the Trustee's approved fee arrangement in the Bankruptcy Cases, the Trustee's fees have been determined on an hourly fee basis, utilizing his reduced hourly rate of $340.  Although most trustees are paid a percentage-based compensation pursuant to 11 U.S.C. Section 326(a), the Trustee requested that he be paid at his reduced hourly billing rate, which will cost the Debtors' Estates less, thereby providing additional funds for payments to creditors.

### *Reasonableness of Fees*

18. The Trustee submits that his experience and expertise serving as a fiduciary in other cases of similar or larger proportion and in complex litigation and bankruptcy matters have resulted in the efficient handling of difficult tasks which would otherwise have required a greater expenditure of time had a less experienced trustee handled these matters.  Furthermore, the Trustee is billing on a reduced hourly fee basis, which he believes will result in lower fees than the percentage-based compensation.

---

**FIRST INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES FOR THE PERIOD JULY 2, 2009 THROUGH SEPTEMBER 30, 2009** – Page 10

*Necessary and Beneficial Nature of Services*

19. The Trustee submits that his efforts generally described above have been both necessary and beneficial to the Estates and the administration of the Bankruptcy Cases. Among other things, the Trustee has consummated a significant sale and settlement with Sinclair Oil & Gas Company and Sinclair Finance Company that effectively satisfies the secured claims against the Debtors' Estates. Moreover, the Trustee implemented the steps necessary for the sale of other assets. He has also been instrumental in the investigation of claims that could provide potential recovery for the Debtors' Estates. During the Compensation Period, the Trustee supervised and coordinated the activities of the Debtors' professionals and was actively involved in addressing various issues raised by the investors and creditors of the Estates.

*Reasonableness of Time Expended and Time Constraints*

20. The Trustee expended only that time which he deemed necessary to accomplish his objectives in the Bankruptcy Cases. While certain of the issues encountered during the Compensation Period were not unduly complicated, many others were complex, novel and extremely time-consuming.

21. Given the contentious nature of certain matters in the Bankruptcy Cases and the situation in which the Trustee was appointed, the Trustee has been required to devote substantial amounts of time to the Bankruptcy Estates. This, in turn, has limited his ability to take on other significant, long-term engagements.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests: (i) interim allowance of compensation for services rendered during the Compensation Period in the aggregate

amount of $83,674.00; (ii) authorization to immediately pay the Trustee $16,734.80, representing the unpaid amount owing to him during the Compensation Period; and (iii) for such other and further relief as is just and equitable.

Respectfully submitted on this 3rd day of November, 2009.

/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

## CERTIFICATE OF COMPLIANCE

This is to certify that I have read the foregoing Application, that to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and reimbursement sought is in conformity with the U.S. Trustee's Guidelines, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Munsch Hardt Kopf & Harr, P.C. and generally accepted by its clients.

/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr.

## CERTIFICATE OF SERVICE

On this 3rd day of November, 2009, the undersigned hereby certifies that he caused Epiq Bankruptcy Solutions, LLC ("Epiq"), as service agent, to serve a true and correct copy of the foregoing Application, with exhibits, upon all parties shown below via electronic mail.

| | |
|---|---|
| Brent R. McIlwain<br>bmcilwain@pattonboggs.com | Michael Rochelle<br>buzz.rochelle@romclawyers.com |
| Holland N. O'Neil<br>honeil@gardere.com | David Phelps<br>dphelps@bridgellc.com |
| Tonya Ramsey<br>tramsey@velaw.com | R. David Garlock<br>dgarlock@bridgellc.com |
| Dennis L. Roossien<br>droossien@munsch.com | George F. McElreath<br>George.f.mcelreath@usdoj.gov |

On this 3rd day of November, 2009, the undersigned further hereby certifies that he caused Epiq, as service agent, to serve a true and correct copy of the foregoing Application, without exhibits, upon all parties on the Master Service List, as updated from time to time, via first-class mail, postage prepaid.

/s/ Joseph J. Wielebinski
Joseph J. Wielebisnki