NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 29, 2010**

*[signature]*

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-33886 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT DE MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS**

On January 19, 2010, this Court heard and considered the *Amended Motion for Order: (I)
Authorizing Sale of Leasehold Interests; (II) Approving Amended Model PSA and PSA Subject to
Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory
Contracts and Unexpired Leases; and (IV) Authorizing the Trustee to Conduct De Minimis Sales of
Leasehold and Mineral Interests* [Docket No. 506] (the "Amended Sale Motion") filed by Dennis L.

---

Roossien, Jr., the duly appointed Chapter 11 trustee for the bankruptcy estates (the "Estates") of

Provident Royalties, LLC and its affiliated debtors (collectively, the "Debtors"). [1]

Having considered the Amended Sale Motion, the Purchase and Sale Agreement (the "Devon

PSA") between the Trustee and Devon Energy Production Company, L.P. (which is referenced as

Exhibit "A" in Docket No. 537 in the case docket), the Amended Purchase and Sale Agreement (the

"Amended Stalking Horse PSA") between the Trustee and Continental Resources, Inc.

("Continental") as amended by the First Amendment to the Stalking Horse PSA (together with the

Amended Stalking Horse PSA, the "Continental PSA", which is referenced as Exhibit "B" in Docket

No. 537 in the case docket), the evidence presented at the hearing on January 19, 2010 (the "Sale

Hearing"), proffers of testimony, and the arguments and representations of counsel and it appearing

that the legal and factual bases set forth in the Amended Sale Motion establish just cause for the

relief granted herein; and any objections (the "Objections") to the Amended Sale Motion having

been resolved, withdrawn or otherwise overruled by this order (the "Sale Order"), the Court makes

the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to hear and to determine the Amended Sale Motion and to

grant the relief requested therein, as modified by this Sale Order, pursuant to 28 U.S.C. §§ 157(a)

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of the

---

[1]   The Debtors include the following:  Provident Royalties, LLC, Case No. 09-33886; Provident Operating Company, LLC, Case No. 09-33893; Somerset Lease Holdings, Inc., Case No. 09-33892; Somerset Development, Inc., Case No. 09-33912; Provident Energy 1, LP, Case No. 09-33888; Provident Resources 1, LP, Case No. 09-33887; Provident Energy 2, LP, Case No. 09-33894; Provident Energy 3, LP, Case No. 09-33899; Shale Royalties II, Inc., Case No. 09-33889; Shale Royalties 3, LLC, Case No. 09-33891; Shale Royalties 4, Inc., Case No. 09-33890; Shale Royalties 5, Inc., Case No. 09-33895; Shale Royalties 6, Inc., Case No. 09-33896; Shale Royalties 7, Inc., Case No. 09-33898; Shale Royalties 8, Inc., Case No. 09-33900; Shale Royalties 9, Inc., Case No. 09-33902; Shale Royalties 10, Inc., Case No. 09-33901; Shale Royalties 12, Inc., Case No. 09-33903; Shale Royalties 14, Inc., Case No. 09-33905; Shale Royalties 15, Inc., Case No. 09-33904; Shale Royalties 16, Inc., Case No. 09-33906; Shale Royalties 17, Inc., Case No. 09-

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 2 OF 19**

above-captioned bankruptcy cases (the "Bankruptcy Cases") and of the Amended Sale Motion is

proper in this District under 28 U.S.C. §§ 1408 and 1409.

B.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), there is no stay pursuant to Bankruptcy Rules

6004(h) and 6006(d) and this Sale Order shall be effective and enforceable immediately upon entry.

To the extent necessary under Bankruptcy Rule 9019 and Rule 54(b) of the Federal Rules of Civil

Procedure, as made applicable by Bankruptcy Rule 7054, the Bankruptcy Court expressly finds that

cause exists not to delay the implementation of this Sale Order.

C.      The statutory predicates for the relief sought in the Amended Sale Motion are sections

105(a), 363(b), (f), (m) and (n) and 365 of Title 11 of the United States Code (the "Bankruptcy

Code") and Bankruptcy Rules 2002, 6004, 6006 and 9014.

D.      On January 11, 2010, the Trustee filed the Amended Sale Motion, seeking among

other things, entry of this Sale Order approving the sale of Leasehold Interests[2] to Continental and/or

another Successful Bidder, free and clear of all liens, claims, encumbrances, and interests pursuant to

section 363(f) of the Bankruptcy Code.

E.      On December 31, 2009, after appropriate notice and hearing, this Court entered the

*Order (I) Approving Bid Procedures for Sale of Leasehold Interests; (II) Scheduling Hearing to*

*Consider Sale; (III) Approving Form of Notices; (IV) Establishing Procedures Relating to*

*Assumption/Assignment and/or Transfer by Agreement of Certain Unexpired Leases and/or*

---

33913; Shale Royalties 18, Inc., Case No. 09-33907; Shale Royalties 19, Inc., Case No. 09-33908; Shale Royalties 20, Inc., Case No. 09-33910; Shale Royalties 21, Inc., Case No. 09-33909; and Shale Royalties 22, Inc., Case No. 09-33911.

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 3 OF 19**

*Executory Contracts; (V) Approving Bid Protections; and (VI) For Other Relief* [Docket No. 488]

(the "Sale Procedures Order").  The Sale Procedures Order approved, among other things, the Bid

Procedures, the Due Diligence Fee and the Overbid Fee.

> F.      Notice of the Amended Sale Motion, the Auction, the Sale Hearing and the relief

granted in the Sale Procedures Order was given to (i) the Office of the United States Trustee; (ii)

counsel to Continental; (iii) counsel to the Committees; (iv) all parties in interest listed on the current

master service list; (v) known parties that have or may assert a lien on or security interest in some or

all of the Leasehold Interests; (vi) known counterparties to the Purchased Contracts; and (vii) those

parties who previously contacted the Trustee and his professionals and expressed a bona fide interest

in the Leasehold Interests, conducted due diligence, submitted an offer or otherwise exhibited a

realistic intention to participate in the sales process.  The Court finds the scope and manner of

service proper, timely, adequate and sufficient in accordance with Bankruptcy Code sections 105(a)

and 363 and Bankruptcy Rules 2002, 6004, 6006, and 9014 and in compliance with the Sale

Procedures Order.  No further notice of the Amended Sale Motion, the Auction, the proposed

assumption and assignment and/or transfer by agreement of the Purchased Contracts, or the Sale

Hearing is or shall be required.

> G.      All parties in interest have been afforded a reasonable opportunity to object or be

heard regarding the relief requested in the Amended Sale Motion.

---

[2]  All of the capitalized terms used in this Sale Order (as defined herein), unless otherwise indicated, shall have the meanings ascribed to them in the Amended Sale Motion and the Devon PSA or Continental PSA as applicable (as defined herein).

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 4 OF 19**

H.      As demonstrated by the evidence in support of the Amended Sale Motion, the Trustee and his agents have marketed the Leasehold Interests and conducted the sale process in compliance with the Sale Procedures Order.

I.       On January 14, 2010, the Trustee conducted a full, fair and complete Auction in accordance with the Bid Procedures approved by the Sale Procedures Order.

J.       At the Auction, the Trustee, in consultation with his professionals, the Committees, and their respective professionals, determined that Devon Energy Production Company, L.P. ("Devon") had the highest and best bid for the Anadarko Package ("Devon's Winning Bid") in the amount of $46,300,000, which bid included a waiver of the $2,000,000 adjustment to the total purchase price for closing after February 1, 2010, an agreement to extend the deadline to close the transaction until March 15, 2010, and an agreement relating to that certain pooling order issued on January 6, 2010, by the Corporation Commission of the State of Oklahoma for Section 17-7N-6W for the benefit of Continental (the "Continental Pooling Order") so that the Estates shall bear no liability with respect to any election under the Continental Pooling Order as set forth in the *Joint Stipulation Regarding Cure Amounts Owed to Continental Resources, Inc.* [Docket No. 530] filed on January 21, 2010 and granted by the Court on January 26, 2010 [Docket No. 533].

K.      At the Auction, the Trustee, in consultation with his professionals, the Committees, and their respective professionals, determined that Continental had the second highest and best bid for the Anadarko Package ("Continental's Cover Bid") in the amount of $45,600,000 under the terms and conditions of the Continental PSA and selected Continental as the Cover Bidder for the Anadarko Package.

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 5 OF 19**

L.      The Trustee has established sound business justification in support of the proposed sale of the Anadarko Package (as described in the Devon PSA, the "Assets") to Devon and for approval of the sale transactions contemplated in the Devon PSA pursuant to sections 363(b) and (f) of the Bankruptcy Code.  The Trustee's execution of the Devon PSA and consummation of the sale transactions contemplated therein constitute an exercise of the Trustee's sound business judgment, and such acts are in the best interests of the Estates, their creditors, and other stakeholders.

M.      Devon's Winning Bid represents the highest and best offer received by the Trustee for the Assets.  Devon's Winning Bid and the value of the consideration as calculated under the terms of the Devon PSA are fair and constitute reasonable value.  The terms contained in the Devon PSA were negotiated, proposed, and entered into by the Trustee and Devon in good faith, from an arm's length bargaining position, and without collusion.  Neither the Trustee nor Devon have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this sale transaction.  Devon is not an "insider" of the Debtors as that term is defined in section 101 of the Bankruptcy Code.  Devon is a good-faith purchaser pursuant to section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby.

N.      The Trustee's selection of Continental as the Cover Bidder for the Anadarko Package and the execution of the Continental PSA constitute an exercise of the Trustee's sound business judgment, and such acts are in the best interests of the Estates, their creditors, and other stakeholders.

O.      Continental's Cover Bid represents the second highest and best bid for the Assets.  Continental's Cover Bid and the value of the consideration as calculated under the terms of the Continental PSA are fair and constitute reasonable value.  The terms contained in the Continental PSA were negotiated, proposed, and entered into by the Trustee and Continental in good faith, from

an arm's length bargaining position, and without collusion.  Neither the Trustee nor Continental have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this sale transaction.  Continental is not an "insider" of the Debtors as that term is defined in section 101 of the Bankruptcy Code.  If Continental becomes the buyer of the Assets pursuant to this Sale Order and the Continental PSA, Continental will be a good-faith purchaser pursuant to section 363(m) of the Bankruptcy Code, and will be entitled to all of the protections afforded thereby.

P.      The Trustee has the full power and authority to execute the Devon PSA and all other documents referenced or contemplated therein or necessary or appropriate to effectuate the terms of the Devon PSA and this Sale Order.

Q.      All actions contemplated by the Devon PSA have been duly and validly authorized by all necessary actions of the Trustee, and the Trustee has the full power and authority to consummate the transactions contemplated by the Devon PSA.  No further consents or approvals, other than entry of this Sale Order, are required for the Trustee or Devon to consummate the transactions contemplated by the Devon PSA.

R.      Approval of the Devon PSA and consummation of the transactions contemplated therein are in the best interests of the Debtors, their Estates, their creditors and other interest holders of the Estates.

S.      The Trustee is authorized to sell the Assets free and clear of all liens, claims, encumbrances and interests (other than the Accepted Purchased Contracts (as defined herein)) because one or more of the standards set forth in Bankruptcy Code section 363(f) have been satisfied with respect to each such interest.  The transfer of the Assets to Devon will be a legal, valid and effective transfer of the Assets, and will vest Devon with all rights, title and interest in and to the

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 7 OF 19**

Assets free and clear of all liens, claims, encumbrances and interests (other than the Accepted

Purchased Contracts) which have or could have been asserted by the Debtors or their creditors.

T.      Any objection of a secured creditor or other holder of a lien, encumbrance or other

possessory interest that did not timely object to the sale of Assets, did not withdraw its Objection or

did not file a stipulation resolving its Objection, is overruled because one or more of the standards

set forth in Bankruptcy Code section 363(f) have been satisfied with respect to each such interest.  In

each such case, such party is adequately protected by having its interest, if any, in the Assets attach

to the proceeds of the sale of the Assets with the same validity and priority as the interest, if any,

such party had in the Assets prior to the Closing Date.

U.      The Cure Costs set forth in Exhibit "C" in Docket No. 537 in the case docket (and in

Exhibit "B" to the Devon PSA) constitute the correct Cure Costs owed to each counterparty to the

Purchased Contracts listed thereon.  Any Objections thereto not explicitly approved under the terms

of this Sale Order or by separate order of the Bankruptcy Court are hereby overruled.

V.      At Closing, Devon is authorized to select which, if any, of the Purchased Contracts

set forth in Exhibit "C" in Docket No. 537 (and in Exhibit "B" to the Devon PSA) it wishes to

receive by assignment from the Trustee (the "Accepted Purchased Contracts"), and Devon shall pay

the Cure Costs at Closing to the counterparty of each Accepted Purchased Contract, which payment

shall be in full and final satisfaction of all obligations and constitute full compensation to the

counterparty for any pecuniary losses under such Accepted Purchased Contract pursuant to

Bankruptcy Code section 365(b)(1).  Upon payment of the Cure Costs by Devon, counterparties to

the Accepted Purchased Contracts are forever barred from asserting against the Debtors, the Estates,

Devon or any assignees of the Accepted Purchased Contracts that any additional amounts are due or

---

defaults exist or conditions to assumption or assignment or transfer by agreement must be satisfied under such Accepted Purchased Contract, and the Estates shall no longer have any liability therefor. Devon shall receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

W.      As soon as practicable after the Closing, Devon and the Trustee shall jointly file with the Court and serve a notice of the Closing Date that shall include a list of the Accepted Purchased Contracts and the amount of Cure Costs paid at the Closing on account of the Accepted Purchased Contracts.

X.      Devon has demonstrated adequate assurance of future performance of the Accepted Purchased Contracts under this Sale Order, and the Trustee's assumption and assignment of the Accepted Purchased Contracts is an exercise of the Trustee's sound business judgment and in the best interests of the Estates, their creditors and other stakeholders.

Y.      Upon Devon's filing of the final list of Accepted Purchased Contracts assumed and assigned to Devon at the Closing, the Trustee shall file a motion to reject any remaining Purchased Contracts relating to the Assets not accepted by Devon (the "Rejected Purchased Contracts"), and, upon allowance of any claims for rejection damages arising from the rejection of the Rejected Purchased Contracts, Devon shall promptly pay such claims and the Estates shall have no liability therefor.  Devon shall not receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

Z.      Upon the Closing of the sale of the Assets and unless otherwise specifically provided for herein or in the Amended Sale Motion, the parties, including those parties holding liens and/or security interests related to the Assets, are authorized and directed to execute such documents and

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 9 OF 19**

take all other actions as may be necessary to release such liens on or security interests in the Assets, as may have been recorded or may otherwise exist.

AA.    The Devon PSA and any related agreement, document, or other instrument may be modified, amended, or supplemented by the parties thereto in writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; *provided, however*, such modification, amendment, or supplement does not have a material adverse effect on the Estates.  The Trustee shall promptly provide a copy of any such modification, amendment, or supplement to the counsel for the Committees.

BB.    Until the Closing of the sale of Assets to Devon but no later than March 15, 2010, Continental shall remain obligated as the Cover Bidder to close on the purchase of the Assets under the terms of the Continental PSA.  Upon the Closing of the sale of the Assets to Devon, Continental shall be entitled to payment of the Overbid Fee in the amount of $600,000.00, which payment shall be made within five (5) business days of the Closing, and payment of the Due Diligence Fee of up to $50,000 for actual and reasonable expenses incurred in connection with conducting its due diligence related to submitting its stalking horse bid, which payment shall be made within five (5) business days of the Closing and after Continental provides proof of such expenses to the Trustee.  Within five (5) business days of the Closing of the sale of the Assets to Devon, the Trustee shall cause the return of Continental's $2,000,000 deposit and any interest thereon less any fees owed to the escrow agent pursuant to the terms of that certain Escrow Agreement executed by and between the Trustee, Continental and U.S. Bank, N.A. on December 21, 2009.

CC.    Cause exists not to apply the automatic ten (10) day stay imposed by Bankruptcy Rules 6004(h) and 6006(d).

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 10 OF 19**

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, GOOD CAUSE EXISTS TO GRANT THE RELIEF REQUESTED IN THE AMENDED SALE MOTION.  IT IS THEREFORE ORDERED:

1.      Notice of the Amended Sale Motion, the Auction, the proposed assumption and assignment and/or transfer by agreement of the Purchased Contracts, and the Sale Hearing is approved as proper, timely, adequate and sufficient under the circumstances of the Bankruptcy Cases, and any other or further requirement for notice of the Amended Sale Motion, the Auction, the proposed assumption and assignment and/or transfer by agreement of the Accepted Purchased Contracts, and the Sale Hearing is hereby deemed satisfied.

2.      The Amended Sale Motion is **GRANTED** as provided herein and the sale of Assets and the assignment and/or transfer by agreement of the Accepted Purchased Contracts to Devon are hereby authorized as set forth herein.

3.      All Objections to the Amended Sale Motion that have not been withdrawn, waived or settled and all reservations of rights therein are hereby overruled on the merits.

4.      Devon has complied with the Sale Procedures Order and is the Successful Bidder for the Assets on the terms and conditions set forth in the Devon PSA.

5.      The Devon PSA, including all schedules and exhibits thereto and all of the terms and conditions thereof, is hereby approved.

6.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and directed to consummate the sale of the Assets to Devon, pursuant to and in accordance with the terms of the Devon PSA, including, without limitation, to convey to Devon the Assets and to assume and assign the Accepted Purchased Contracts to Devon.

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 11 OF 19**

7.        Devon is directed to close and fund the purchase of the Assets in accordance with the Devon PSA.

8.        The Closing shall occur no later than March 15, 2010.

9.        Pursuant to Sections 105(a), 363(b) and 363(f), the transfers of the Assets to Devon pursuant to the Devon PSA shall vest Devon with all rights, title and interest in and to the Assets free and clear of all liens, claims, encumbrances and interests (other than the Accepted Purchased Contracts explicitly accepted by Devon pursuant to the terms of the Devon PSA) that have or could have been asserted by the Debtors or their creditors.

10.        The Trustee and Devon are hereby authorized to file, register, or otherwise record this Sale Order with any and all local and state taxing and other governmental authorities.  This Sale Order shall constitute due and sufficient evidence that, upon the Closing of the sale transaction for the Assets, all liens, claims, encumbrances, and interests in or against the Assets prior to and through the Closing, other than the Accepted Purchased Contracts explicitly accepted by Devon pursuant to the terms of the Devon PSA, have been unconditionally released, discharged, and terminated and that the conveyances and transfers described or approved herein have been effected.

11.        If any person or entity that has filed a mechanic's or materialman's lien, deed of trust, mortgage, judgment lien, financing statement, or other document or agreement evidencing a lien, claim, encumbrance or interest in, on or against the Assets shall not have delivered to Devon at or prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens, claims, encumbrances or interests that the person or entity has against the Assets, the Trustee and Devon are hereby authorized to execute

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 12 OF 19**

and file such statements, instruments, releases and other documents on behalf of such person or entity after the occurrence of the Closing.

12.    Devon shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Assets other than as expressly set forth in this Sale Order or in the Devon PSA.

13.    The Trustee is hereby authorized and directed to assume and assign to Devon, as of the Closing Date, the Accepted Purchased Contracts pursuant to Bankruptcy Code sections 363 and 365.  On or as soon as reasonably practicable after the Closing, Devon shall pay the Cure Costs to each of the counterparties to each of the Accepted Purchased Contracts in the amounts set forth in Exhibit "C" in Docket No. 537 (and in Exhibit "B" to the Devon PSA), which payments shall be in full and final satisfaction of all obligations and constitute full compensation to the counterparties for any pecuniary losses under such Accepted Purchased Contracts pursuant to Bankruptcy Code sections 365(a), (b), (c), (f) and (k).  Devon shall receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

14.    From and after the Closing Date, counterparties to the Accepted Purchased Contracts are forever barred from asserting against the Debtors, the Estates, Devon or any assignee of the Accepted Purchased Contracts that any conditions to assumption and assignment or transfer by agreement remain unsatisfied, including but not limited to asserting additional amounts are due or defaults exist under such Accepted Purchased Contracts.  From and after the Closing Date, the Debtors and the Estates shall have no liability arising from or related to the Accepted Purchased Contracts following assignment to Devon.

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 13 OF 19**

15.     Upon the joint filing by Devon and the Trustee of the notice of the Closing Date and the final list of Accepted Purchased Contracts assumed and assigned to Devon at the Closing, the Trustee shall file a motion to reject the Rejected Purchased Contracts relating to the Assets, and, upon allowance of any claims for rejection damages arising from the Rejected Purchased Contracts, Devon shall promptly pay such claims and the Estates shall have no liability therefor.  Devon shall not receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

16.     Devon is a good-faith purchaser for value and is hereby granted all of the protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code.

17.     Pursuant to sections 105(a) and 363 of the Bankruptcy Code and effective as of the Closing Date, all Persons (as defined in section 101(41) of the Bankruptcy Code, "Person") are hereby enjoined from taking any action against Devon or its affiliates to recover or enforce any lien, claim, interest, or encumbrance that such Person may have against the Assets that arose prior to the Closing Date.

18.     Any person or entity in physical possession of some or all of the Assets is hereby directed to surrender possession of the Assets to Devon as soon as practicable after the Closing Date.

19.     This Sale Order is effective and enforceable immediately upon entry notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules, including Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, and the provisions of this Order are self-executing.

20.     The Trustee is authorized to serve this Sale Order (as required under applicable Bankruptcy Rules and prior orders of this Court) without the exhibits referenced herein.  Interested

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 14 OF 19**

parties may obtain a copy of the exhibits to this Sale Order:  (i) from this Court's website, http://www.txnb.uscourts.gov/ECF; (ii) from Epiq Bankruptcy Solutions' website, http://chapter11.epiqsystems.com/providentroyaltiesllc; (iii) by written request to Kate M. Patrick at kpatrick@munsch.com or Lee J. Pannier at lpannier@munsch.com; or (iv) by regular mail to Munsch Hardt Kopf & Harr, P.C., attn: Kate M. Patrick, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659.

21.     Nothing contained in any subsequent plan of reorganization or liquidation that may be confirmed in the case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Devon PSA or the terms of this Sale Order.

22.     The Devon PSA and the Continental PSA are hereby authorized and approved; provided however, that in the event of any inconsistency between this Sale Order and the Devon PSA or between the Sale Order and the Continental PSA, the Sale Order shall govern.  In the event that there is an inconsistency between a provision of the Amended Sale Motion and the Devon PSA (or the Continental PSA as applicable) and this Sale Order is silent as to that provision, the applicable purchase and sale agreement shall govern and be controlling.

23.     The provisions of this Sale Order are non-severable and mutually dependent.

24.     Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification of this Sale Order on appeal will not affect the validity of the transfer of the Assets to Devon, unless the same is stayed pending appeal prior to the Closing Date and the consummation of the sale transaction authorized by this Order.

25.     This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Amended Sale Motion, the Devon PSA, the Continental PSA and this Sale Order in all respects

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 15 OF 19**

and further to hear and determine any and all disputes that may arise with respect to the Sale of the Assets including compliance with the terms of the Devon PSA (or the Continental PSA as applicable) or this Sale Order, the assumption and assignment or rejection of the Purchased Contracts, the validity, priority and extent of any liens, claims, interests, obligations and encumbrances asserted against the proceeds of the Sale, the Assets and/or any and all claims related to the De Minimis Sales authorized herein.

26.      Until the Closing of the sale of Assets to Devon but no later than March 15, 2010, Continental is obligated as the Cover Bidder to close on the purchase of the Assets under the terms of the Continental PSA.  Upon the Closing of the sale of the Assets to Devon, Continental shall be entitled to payment of the Overbid Fee in the amount of $600,000.00, which payment shall be made within five (5) business days of the Closing on the sale of the Assets to Devon, and payment of the Due Diligence Fee of up to $50,000 for actual and reasonable expenses incurred in connection with conducting its due diligence related to submitting its stalking horse bid, which payment shall be made within five (5) business days of the Closing on the sale of the Assets to Devon and after Continental provides proof of such expenses to the Trustee.  Within five (5) business days of the Closing of the sale of the Assets to Devon, the Trustee shall cause the return of Continental's $2,000,000 deposit and any interest thereon less any fees owed to the escrow agent pursuant to the terms of that certain Escrow Agreement executed by and between the Trustee, Continental and U.S. Bank, N.A. on December 21, 2009.

27.      In the event that Devon does not close on the sale of Assets or the Devon PSA is terminated for any reason, the Trustee is authorized, without the need for further Court approval or hearing, to close the Sale of Assets to Continental, and all authority, rights, protections and

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 16 OF 19**

obligations granted to or imposed upon Devon in this Sale Order shall, to the extent they do not

conflict with the explicit terms of the Continental PSA, be applicable to Continental with the same

force and effect.  Under such circumstances, Continental is obligated to close under the terms of the

Continental PSA without the need for further Court approval or hearing and shall not be entitled to

either payment of the Due Diligence Fee or payment of the Overbid Fee.

28.     The Trustee is authorized to conduct De Minimis Sales of the remaining Leasehold

and Mineral Interests under the procedures approved in the Sale Procedures Order and is authorized

to take any action or execute any document necessary to effectuate the proposed De Minimis Sales

on the terms and conditions proposed in the Amended Sale Motion.

29.     This Sale Order shall be binding on any chapter 7 trustee who may be appointed in

this case and shall be binding on any trustee, party, entity, or fiduciary that may be appointed with

these bankruptcy cases or any other or further cases involving the Debtors whether under chapter 7

or chapter 11 of the Bankruptcy Code.  This Sale Order shall remain in full force in effect

notwithstanding any dismissal of the Debtors' bankruptcy cases.

# # # END OF ORDER # # #

Submitted by:

Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Kate M. Patrick
Texas Bar No. 24037243
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584

**COUNSEL FOR DENNIS L. ROOSSIEN, JR.,
CHAPTER 11 TRUSTEE**

Approved by**:**

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD
INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER
OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT
MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 18 OF 19**

MHDocs 2459141_5 4856.8

David M. Bennett
State Bar No. 2139600
Katharine Richter
State Bar No. 24046712
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas  75201
Telephone: (214) 969-1700
Facsimile:  (214) 969-1751

**COUNSEL FOR DEVON ENERGY PRODUCTION COMPANY, L.P.**

Stephen J. Moriarty, OBA #6410
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK  73102
Telephone: (405) 232-0621
Fax:  (405) 232-9659

**COUNSEL FOR CONTINENTAL RESOURCES, INC.**

Holland N. O'Neil
Texas Bar No. 14864700
Daniel C. Scott
Texas Bar No. 24051316
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street
3000 Thanksgiving Tower
Dallas, TX 75201
Telephone: (214) 999-4607
Facsimile: (214) 999-3607

**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Michael R. Rochelle
Texas Bar No. 17126700
**ROCHELLE McCULLOUGH LLP**
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185

**COUNSEL FOR THE OFFICIAL INVESTORS COMMITTEE**

---