ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 26, 2010 — United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-33886 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT DE MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS**

On January 19, 2010, this Court heard and considered the *Amended Motion for Order: (I) Authorizing Sale of Leasehold Interests; (II) Approving Amended Model PSA and PSA Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Authorizing the Trustee to Conduct De Minimis Sales of Leasehold and Mineral Interests* [Docket No. 506] (the "Amended Sale Motion") filed by Dennis L.

Roossien, Jr., the duly appointed Chapter 11 trustee for the bankruptcy estates (the "Estates") of Provident Royalties, LLC and its affiliated debtors (collectively, the "Debtors").[1]

Having considered the Amended Sale Motion, the Amended and Restated Purchase and Sale Agreement (the "Amended XTO PSA") between the Trustee and XTO Energy Inc. ("XTO"), which is referenced as Exhibit "A" in Docket No. 571 in the case docket, the evidence presented at the hearing on January 19, 2010 (the "Sale Hearing"), proffers of testimony, and the arguments and representations of counsel and it appearing that the legal and factual bases set forth in the Amended Sale Motion establish just cause for the relief granted herein; and any objections (the "Objections") to the Amended Sale Motion having been resolved, withdrawn or otherwise overruled by this order (the "Sale Order"), the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  This Court has jurisdiction to hear and to determine the Amended Sale Motion and to grant the relief requested therein, as modified by this Sale Order, pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of the above-captioned bankruptcy cases (the "Bankruptcy Cases") and of the Amended Sale Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

B.  This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) of the Federal Rules of

---

[1] The Debtors include the following: Provident Royalties, LLC, Case No. 09-33886; Provident Operating Company, LLC, Case No. 09-33893; Somerset Lease Holdings, Inc., Case No. 09-33892; Somerset Development, Inc., Case No. 09-33912; Provident Energy 1, LP, Case No. 09-33888; Provident Resources 1, LP, Case No. 09-33887; Provident Energy 2, LP, Case No. 09-33894; Provident Energy 3, LP, Case No. 09-33899; Shale Royalties II, Inc., Case No. 09-33889; Shale Royalties 3, LLC, Case No. 09-33891; Shale Royalties 4, Inc., Case No. 09-33890; Shale Royalties 5, Inc., Case No. 09-33895; Shale Royalties 6, Inc., Case No. 09-33896; Shale Royalties 7, Inc., Case No. 09-33898; Shale Royalties 8, Inc., Case No. 09-33900; Shale Royalties 9, Inc., Case No. 09-33902; Shale Royalties 10, Inc., Case No. 09-33901; Shale Royalties 12, Inc., Case No. 09-33903; Shale Royalties 14, Inc., Case No. 09-33905; Shale Royalties 15, Inc., Case No. 09-33904; Shale Royalties 16, Inc., Case No. 09-33906; Shale Royalties 17, Inc., Case No. 09-

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 2 OF 15**

Bankruptcy Procedure (the "Bankruptcy Rules"), there is no stay pursuant to Bankruptcy Rules 6004(h) and 6006(d), and this Sale Order shall be effective and enforceable immediately upon entry. To the extent necessary under Bankruptcy Rule 9019 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Bankruptcy Court expressly finds that cause exists not to delay the implementation of this Sale Order.

C. The statutory predicates for the relief sought in the Amended Sale Motion are sections 105(a), 363(b), (f), (m) and (n) and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2002, 6004, 6006 and 9014.

D. On January 11, 2010, the Trustee filed the Amended Sale Motion, seeking among other things, entry of a Sale Order approving the sale of Leasehold Interests[2] to the Successful Bidder(s), free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code.

E. On December 31, 2009, after appropriate notice and hearing, this Court entered the Order (I) Approving Bid Procedures for Sale of Leasehold Interests; (II) Scheduling Hearing to Consider Sale; (III) Approving Form of Notices; (IV) Establishing Procedures Relating to Assumption/Assignment and/or Transfer by Agreement of Certain Unexpired Leases and/or Executory Contracts; (V) Approving Bid Protections; and (VI) For Other Relief [Docket No. 488] (the "Sale Procedures Order"). The Sale Procedures Order approved, among other things, the Bid Procedures and the procedures for the notice of the proposed assumption and assignment of the Purchased Contracts.

---

33913; Shale Royalties 18, Inc., Case No. 09-33907; Shale Royalties 19, Inc., Case No. 09-33908; Shale Royalties 20, Inc., Case No. 09-33910; Shale Royalties 21, Inc., Case No. 09-33909; and Shale Royalties 22, Inc., Case No. 09-33911.

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 3 OF 15**

F.	Notice of the Amended Sale Motion, the Auction, the Sale Hearing and the relief granted in the Sale Procedures Order was given to (i) the Office of the United States Trustee; (ii) counsel for the Committees; (iii) all parties in interest listed on the current master service list; (iv) known parties that have or may assert a lien on or security interest in some or all of the Leasehold Interests; (v) known counterparties to the Purchased Contracts; and (vi) those parties who previously contacted the Trustee and his professionals and expressed a bona fide interest in the Leasehold Interests, conducted due diligence, submitted an offer or otherwise exhibited a realistic intention to participate in the sales process. The Court finds the scope and manner of service proper, timely, adequate and sufficient in accordance with Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004, 6006, and 9014 and in compliance with the Sale Procedures Order. No further notice of the Amended Sale Motion, the Auction, the proposed assumption and assignment and/or transfer by agreement of the Purchased Contracts, or the Sale Hearing is or shall be required.

G.	All parties in interest have been afforded a reasonable opportunity to object or be heard regarding the relief requested in the Amended Sale Motion.

H.	As demonstrated by the evidence in support of the Amended Sale Motion, the Trustee and his agents have marketed the Leasehold Interests and conducted the sale process in compliance with the Sale Procedures Order.

I.	On January 14, 2010, the Trustee conducted a full, fair and complete Auction in accordance with the Bid Procedures approved by the Sale Procedures Order.

---

[2] All of the capitalized terms used in this Sale Order, unless otherwise indicated, shall have the meanings ascribed to them in the Amended Sale Motion and the Amended XTO PSA as applicable.

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 4 OF 15**

J.   At the Auction, the Trustee, in consultation with his professionals, the Committees, and their respective professionals, determined that XTO had the highest and best bid for the Leasehold Interests located in Carter County, Oklahoma and marketed as a subpart of the Arkoma #2 Package (the "Carter County Package") in the amount of $456,000, which bid included an agreement that XTO would not receive a credit against the Purchase Price for the payment of Cure Costs in connection with the assumption and assignment of the Purchased Contracts ("XTO's Winning Bid").

K.   The Trustee has established sound business justification in support of the proposed sale of the Carter County Package (as described in the Amended XTO PSA, the "Assets") to XTO and for approval of the sale transactions contemplated in the Amended XTO PSA pursuant to sections 363(b) and (f) of the Bankruptcy Code. The Trustee's execution of the Amended XTO PSA and consummation of the sale transactions contemplated therein constitute an exercise of the Trustee's sound business judgment, and such acts are in the best interests of the Estates, their creditors, and other stakeholders.

L.   XTO's Winning Bid represents the highest and best offer received by the Trustee for the Assets. XTO's Winning Bid and the value of the consideration as calculated under the terms of the Amended XTO PSA are fair and constitute reasonable value. The terms contained in the Amended XTO PSA were negotiated, proposed, and entered into by the Trustee and XTO in good faith, from an arm's length bargaining position, and without collusion. Neither the Trustee nor XTO have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this sale transaction. XTO is not an "insider" of the Debtors as that term is defined in section 101 of the Bankruptcy Code. XTO is a good-faith purchaser pursuant to section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby.

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 5 OF 15**

M.    The Trustee has the full power and authority to execute the Amended XTO PSA and all other documents referenced or contemplated therein or necessary or appropriate to effectuate the terms of the Amended XTO PSA and this Sale Order.

N.    All actions contemplated by the Amended XTO PSA have been duly and validly authorized by all necessary actions of the Trustee, and the Trustee has the full power and authority to consummate the transactions contemplated by the Amended XTO PSA.  No further consents or approvals, other than entry of this Sale Order, are required for the Trustee or XTO to consummate the transactions contemplated by the Amended XTO PSA.

O.    Approval of the Amended XTO PSA and consummation of the transactions contemplated therein are in the best interests of the Debtors, their Estates, their creditors and other interest holders of the Estates.

P.    The Trustee is authorized to sell the Assets free and clear of all liens, claims, encumbrances and interests (other than the Purchased Contracts) because one or more of the standards set forth in Bankruptcy Code section 363(f) have been satisfied with respect to each such interest.  The transfer of the Assets to XTO will be a legal, valid and effective transfer of the Assets, and will vest XTO with all rights, title and interest in and to the Assets free and clear of all liens, claims, encumbrances and interests (other than the Purchased Contracts) which have or could have been asserted by the Debtors or their creditors.

Q.    Any objection of a secured creditor or other holder of a lien, encumbrance or other possessory interest that did not timely object to the sale of Assets, did not withdraw its Objection or did not file a stipulation resolving its Objection, is overruled because one or more of the standards set forth in Bankruptcy Code section 363(f) have been satisfied with respect to each such interest.  In each

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 6 OF 15**

such case, such party is adequately protected by having its interest, if any, in the Assets attach to the proceeds of the sale of the Assets with the same validity and priority as the interest, if any, such party had in the Assets prior to the Closing.

R. The Cure Costs set forth on Exhibit "B" in Docket No. 571 in the case docket (and in Exhibit "B" to the Amended XTO PSA) constitute the correct Cure Costs owed to each counterparty to the Purchased Contracts listed thereon. Any Objections thereto not explicitly approved under the terms of this Sale Order or by separate order of the Bankruptcy Court are hereby overruled.

S. At or as soon as reasonably practicable after the Closing, XTO shall pay the Cure Costs to the counterparty of each Purchased Contract, which payment shall be in full and final satisfaction of all obligations and constitute full compensation to the counterparty for any pecuniary losses under such Purchased Contract pursuant to Bankruptcy Code section 365(b)(1). Upon payment of the Cure Costs by XTO, counterparties to the Purchased Contracts are forever barred from asserting against the Debtors, the Estates, XTO or any assignees of the Purchased Contracts that any additional amounts are due or defaults exist or other conditions to assumption or assignment or transfer by agreement must be satisfied under such Purchased Contract, and the Estates shall no longer have any liability therefor. XTO shall not receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

T. As soon as practicable after the Closing, XTO and the Trustee shall jointly file with the Court and serve a notice of the Closing Date that shall include a list of Purchased Contracts and the amount of Cure Costs paid at the Closing on account of the Purchased Contracts.

U. XTO has demonstrated adequate assurance of future performance of the Purchased Contracts under this Sale Order, and the Trustee's assumption and assignment of the Purchased

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 7 OF 15**

Contracts is an exercise of the Trustee's sound business judgment and in the best interests of the Estates, their creditors and other stakeholders.

V.     Upon the Closing of the sale of the Assets and unless otherwise specifically provided for herein or in the Amended Sale Motion, the parties, including those parties holding liens and/or security interests related to the Assets, are authorized and directed to execute such documents and take all other actions as may be necessary to release such liens on or security interests in the Assets, as may have been recorded or may otherwise exist.

W.     The Amended XTO PSA and any related agreement, document, or other instrument may be modified, amended, or supplemented by the parties thereto in writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; *provided, however*, such modification, amendment, or supplement does not have a material adverse effect on the Estates. The Trustee shall promptly provide a copy of any such modification, amendment, or supplement to counsel for the Committees.

X.     Cause exists not to apply the automatic ten (10) day stay imposed by Bankruptcy Rules 6004(h) and 6006(d).

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, GOOD CAUSE EXISTS TO GRANT THE RELIEF REQUESTED IN THE AMENDED SALE MOTION. IT IS THEREFORE ORDERED:**

1.     Notice of the Amended Sale Motion, the Auction, the proposed assumption and assignment and/or transfer by agreement of the Purchased Contracts, and the Sale Hearing is approved as proper, timely, adequate and sufficient under the circumstances of the Bankruptcy Cases, and any other or further requirement for notice of the Amended Sale Motion, the Auction, the

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 8 OF 15**

proposed assumption and assignment and/or transfer by agreement of the Purchased Contracts, and the Sale Hearing is hereby deemed satisfied.

2. The Amended Sale Motion is **GRANTED** as provided herein and the sale of Assets and the assignment and/or transfer by agreement of the Purchased Contracts to XTO are hereby authorized as set forth herein.

3. All Objections to the Amended Sale Motion that have not been withdrawn, waived or settled and all reservations of rights therein are hereby overruled on the merits.

4. XTO has complied with the Sale Procedures Order and is the Successful Bidder for the Assets on the terms and conditions set forth in the Amended XTO PSA.

5. The Amended XTO PSA, including all schedules and exhibits thereto and all of the terms and conditions thereof, is hereby approved.

6. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and directed to consummate the sale of the Assets to XTO, pursuant to and in accordance with the terms of the Amended XTO PSA, including, without limitation, to convey to XTO the Assets and to assume and assign the Purchased Contracts to XTO.

7. XTO is directed to close and fund the purchase of the Assets in accordance with the Amended XTO PSA as modified herein.

8. The Closing shall occur no later than March 15, 2010.

9. Pursuant to Sections 105(a), 363(b) and 363(f), the transfers of the Assets to XTO pursuant to the Amended XTO PSA shall vest XTO with all rights, title and interest in and to the Assets free and clear of all liens, claims, encumbrances and interests (other than the Purchased

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 9 OF 15**

Contracts explicitly accepted by XTO pursuant to the terms of the Amended XTO PSA) which have or could have been asserted by the Debtors or their creditors.

10. The Trustee and XTO are hereby authorized to file, register, or otherwise record this Sale Order with any and all local and state taxing and other governmental authorities. This Sale Order shall constitute due and sufficient evidence that, upon the Closing of the sale transaction for the Assets, all liens, claims, encumbrances, and interests in or against the Assets prior to and through the Closing, other than the Purchased Contracts explicitly accepted by XTO pursuant to the terms of the Amended XTO PSA, have been unconditionally released, discharged, and terminated and that the conveyances and transfers described or approved herein have been effected.

11. If any person or entity that has filed a mechanic's or materialman's lien, deed of trust, mortgage, judgment lien, financing statement, or other document or agreement evidencing a lien, claim, encumbrance or interest in, on or against the Assets shall not have delivered to XTO at or prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens, claims, encumbrances or interests that the person or entity has against the Assets, the Trustee and XTO are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity after the occurrence of the Closing.

12. XTO shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Assets other than as expressly set forth in this Sale Order or in the Amended XTO PSA.

13. The Trustee is hereby authorized and directed to assume and assign to XTO, as of the Closing Date, the Purchased Contracts pursuant to Bankruptcy Code sections 363 and 365. At or as

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 10 OF 15**

soon as reasonably practicable after the Closing, XTO shall pay the Cure Costs to each of the counterparties to each of the Purchased Contracts in the amounts set forth in Exhibit "B" in Docket No. 571 in the case docket (and in Exhibit "B" to the Amended XTO PSA), which payments shall be in full and final satisfaction of all obligations and constitute full compensation to the counterparties for any pecuniary losses under such Purchased Contracts pursuant to Bankruptcy Code sections 365(a), (b), (c), (f) and (k). XTO shall not receive a credit in the amount of such payments against the Purchase Price paid to the Estates for the Assets.

14. Upon payment of the Cure Costs by XTO, counterparties to the Purchased Contracts are forever barred from asserting against the Debtors, the Estates, XTO or any assignee of the Purchased Contracts that any conditions to assumption or assignment or transfer by agreement remain unsatisfied, including asserting that additional amounts are due or defaults exist under such Purchased Contracts. From and after the Closing Date, the Debtors and the Estates shall have no liability arising from or related to the Purchased Contracts following assignment to XTO.

15. As soon as practicable after the Closing, XTO and the Trustee shall jointly file with the Court and serve a notice of the Closing Date that shall include a list of Purchased Contracts and the amount of Cure Costs paid at or shortly after the Closing on account of the Purchased Contracts.

16. XTO is a good-faith purchaser for value and is hereby granted all of the protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code.

17. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and effective as of the Closing Date, all Persons (as defined in section 101(41) of the Bankruptcy Code, "<u>Person</u>") are hereby enjoined from taking any action against XTO or its affiliates to recover or enforce any lien,

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 11 OF 15**

claim, interest, or encumbrance that such Person may have against the Assets that arose prior to the Closing Date.

19. Any person or entity in physical possession of some or all of the Assets is hereby directed to surrender possession of the Assets to XTO as soon as practicable after the Closing Date.

19. This Sale Order is effective and enforceable immediately upon entry notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules, including Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, and the provisions of this Sale Order are self-executing.

20. The Trustee is authorized to serve this Sale Order (as required under applicable Bankruptcy Rules and prior orders of this Court) without the exhibits referenced herein. Interested parties may obtain a copy of the exhibits to this Sale Order: (i) from this Court's website, http://www.txnb.uscourts.gov/ECF; (ii) from Epiq Bankruptcy Solutions' website, http://chapter11.epiqsystems.com/providentroyaltiesllc; (iii) by written request to Kate M. Patrick at kpatrick@munsch.com or Lee J. Pannier at lpannier@munsch.com; or (iv) by regular mail to Munsch Hardt Kopf & Harr, P.C., attn: Kate M. Patrick, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659.

21. Nothing contained in any subsequent plan of reorganization or liquidation that may be confirmed in these Bankruptcy Cases or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Amended XTO PSA or the terms of this Sale Order.

22. The Amended XTO PSA is hereby authorized and approved; *provided however*, that in the event of any inconsistency between this Sale Order and the Amended XTO PSA, the Sale Order shall govern. In the event that there is an inconsistency between a provision of the Amended

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 12 OF 15**

Sale Motion and the Amended XTO PSA, and this Sale Order is silent as to that provision, the Amended XTO PSA shall govern and be controlling.

23.     The provisions of this Sale Order are non-severable and mutually dependent.

24.     Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification of this Sale Order on appeal will not affect the validity of the transfer of the Assets to XTO, unless the same is stayed pending appeal prior to the Closing Date and the consummation of the sale transaction authorized by this Sale Order.

25.     This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Amended Sale Motion, the Amended XTO PSA, and this Sale Order in all respects and further to hear and determine any and all disputes that may arise with respect to the Sale of the Assets including compliance with the terms of the Amended XTO PSA or this Sale Order, the assumption and assignment or transfer by agreement of the Purchased Contracts, the validity, priority and extent of any liens, claims, interests, obligations and encumbrances asserted against the proceeds of the Sale, the Assets and/or XTO.

26.     This Sale Order shall be binding on any chapter 7 trustee who may be appointed in these Bankruptcy Cases and shall be binding on any trustee, party, entity, or fiduciary that may be appointed with these Bankruptcy Cases or any other or further cases involving the Debtors whether under chapter 7 or chapter 11 of the Bankruptcy Code.  This Sale Order shall remain in full force in effect notwithstanding any dismissal of the Debtors' bankruptcy cases.

# # # END OF ORDER # # #

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 13 OF 15**

<u>Submitted by</u>:

Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Kate M. Patrick
Texas Bar No. 24037243
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**COUNSEL FOR DENNIS L. ROOSSIEN, JR.,
CHAPTER 11 TRUSTEE**

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 14 OF 15**

MHDocs 2475932_2 4856.8

Main Document      Page 15 of 15

Approved by:

Warren J. Ludlow
Vice President & Associate General Counsel
Land & Acquisitions
XTO Energy Inc.
810 Houston Street
Fort Worth, Texas 76102-6298
Phone: 817-885-3401
Fax: 817-885-1881

**XTO ENERGY INC.**

Holland N. O'Neil
Texas Bar No. 14864700
Daniel C. Scott
Texas Bar No. 24051316
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street
3000 Thanksgiving Tower
Dallas, TX 75201
Telephone: (214) 999-4607
Facsimile: (214) 999-3607

**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Michael R. Rochelle
Texas Bar No. 17126700
**ROCHELLE McCULLOUGH LLP**
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185

**COUNSEL FOR THE OFFICIAL INVESTORS COMMITTEE**

---

**ORDER APPROVING AMENDED MOTION FOR ORDER: (I) AUTHORIZING SALE OF LEASEHOLD INTERESTS; (II) APPROVING AMENDED MODEL PSA AND PSA SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) AUTHORIZING THE TRUSTEE TO CONDUCT MINIMIS SALES OF LEASEHOLD AND MINERAL INTERESTS- PAGE 15 OF 15**