Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Case No. 09-33886-HDH |
| | § | (Jointly Administered) |
| Debtors. | § | |

## FEE APPLICATION COVER SHEET

| | |
|---|---|
| Fee Application: | Second Interim |
| Applicant: | Dennis L. Roossien, Jr., Chapter 11 Trustee |
| Time Period: | October 1, 2009 through January 31, 2010 |
| Capacity: | Chapter 11 Trustee |
| Retainer Received: | None |
| Total Fees: | $123,386.00 |
| Total Expenses: | $114.87 |
| Fees/Expenses Paid Per Modified Fee Procedure Order: | $76,924.67 |

**FEE APPLICATION COVER SHEET – Page 1**

Unpaid Amount:          $46,576.20

Total Hours:            362.90


Respectfully submitted this 26th day of February, 2010.


/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584

Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: § § PROVIDENT ROYALTIES, LLC, *et al.*,[1] § § § Debtors. | | Chapter 11 Case No. 09-33886-HDH (Jointly Administered) |

## SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 22, 2010, AT 1:30 P.M. (CST), AT THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS, EARLE CABELL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

---

[1] The Debtors include the following: Provident Royalties, LLC, Case No. 09-33886; Provident Operating Company, LLC, Case No. 09-33893; Somerset Lease Holdings, Inc., Case No. 09-33892; Somerset Development, Inc., Case No. 09-33912; Provident Energy 1, LP, Case No. 09-33888; Provident Resources 1, LP, Case No. 09-33887; Provident Energy 2, LP, Case No. 09-33894; Provident Energy 3, LP, Case No. 09-33899; Shale Royalties II, Inc., Case No. 09-33889; Shale Royalties 3, LLC, Case No. 09-33891; Shale Royalties 4, Inc., Case No. 09-33890; Shale Royalties 5, Inc., Case No. 09-33895; Shale Royalties 6, Inc., Case No. 09-33896; Shale Royalties 7, Inc., Case No. 09-33898; Shale Royalties 8, Inc., Case No. 09-33900; Shale Royalties 9, Inc., Case No. 09-33902; Shale Royalties 10, Inc., Case No. 09-33901; Shale Royalties 12, Inc., Case No. 09-33903; Shale Royalties 14, Inc., Case No. 09-33905; Shale Royalties 15, Inc., Case No. 09-33904; Shale Royalties 16, Inc., Case No. 09-33906; Shale Royalties 17, Inc., Case No. 09-33913; Shale Royalties 18, Inc., Case No. 09-33907; Shale Royalties 19, Inc., Case No. 09-33908; Shale Royalties 20, Inc., Case No. 09-33910; Shale Royalties 21, Inc., Case No. 09-33909; and Shale Royalties 22, Inc., Case No. 09-33911.

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Dennis L. Roossien, Jr. (the "Trustee"), the Chapter 11 Trustee for Provident Royalties, LLC and its affiliates (collectively, the "Debtors"), files his second interim application (the "Application") for the allowance of fees and expenses for the period October 1, 2009 through January 31, 2010 (the "Compensation Period"), respectfully stating as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## II. BACKGROUND

3. On June 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), initiating the above-referenced cases with this Court (collectively, the "Bankruptcy Cases").

4. On July 1, 2009, the Securities and Exchange Commission (the "SEC") filed its *Complaint*[2] (the "SEC Complaint") with United States District Court for the Northern District of

---

[2] The "Complaint" is that certain pleading filed by the SEC with the District Court, thereby commencing Civil Case No. 3-09CV1238-L. The Complaint is supported by the SEC's *Memorandum of Law in Support of Motion for Ex*

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010** – Page 2

Texas (the "District Court") against the Defendants and the Relief Defendants (as defined in the Complaint). The SEC Complaint sought, among other things, the appointment of a receiver over the property and the estates (the "Receivership Estates") of certain of the Defendants and the Relief Defendants: Provident Royalties, LLC; Provident Asset Management, LLC; Provident Energy 1, LP; Provident Resources 1, LP; Provident Energy 2, LP; Provident Energy 3, LP; Shale Royalties II, Inc.; Shale Royalties 3, LLC; Shale Royalties 4, Inc.; Shale Royalties 5, Inc.; Shale Royalties 6, Inc.; Shale Royalties 7, Inc.; Shale Royalties 8, Inc.; Shale Royalties 9, Inc.; Shale Royalties 10, Inc.; Shale Royalties 12, Inc.; Shale Royalties 14, Inc.; Shale Royalties 15, Inc.; Shale Royalties 16, Inc.; Shale Royalties 17, Inc.; Shale Royalties 18, Inc.; Shale Royalties 19, Inc.; Shale Royalties 20, Inc.; Provident Operating Company, LLC; Somerset Lease Holdings, Inc.; Somerset Development, Inc.; Shale Royalties 21, Inc.; and Shale Royalties 22, Inc. (collectively, the "Receivership Defendants"). The Receivership Defendants are, for all practical purposes, the Debtors in the Bankruptcy Cases and, therefore, the Receivership Estates are also, for all practical purposes, the Debtors' bankruptcy estates (the "Estates").

5. The following day, the Honorable Sam A. Lindsay granted the SEC the relief it requested in the SEC Complaint and entered the *Order Granting Temporary Restraining Order, Appointing Receiver, Freezing Assets, Staying Litigation, Prohibiting the Destruction of Documents and Accelerating Discovery* (the "District Court Order"), thereby, in effect, appointing the Trustee as the receiver of the Debtors. Thereafter, the Trustee, represented by Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), proceeded to act as the trustee of the Estates.

---

*Parte Order Freezing Assets and Other Emergency Relief, in Support of Motion to Appoint Receiver and Order to Show Cause Why a Preliminary Injunction Should Not Issue*, which the SEC filed the same day as the Complaint.

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010** –
**Page 3**

6. On July, 17, 2009, the Bankruptcy Court entered the *Stipulation Approving Protocol for the Receiver to Serve as Chapter 11 Trustee in the Bankruptcy Cases* (the "Protocol").[3] The Protocol validated the District Court Order by formally appointing the Trustee as the Chapter 11 trustee in the Bankruptcy Cases pursuant to section 1106 of the Bankruptcy Code, and, at the same time, allowing the Trustee to continue to act as the receiver of the non-debtor Defendants and Relief Defendants in the District Court Case, in accordance with the District Court Order and subject to the conditions set forth in the Protocol.

7. On July 20, 2009, the U.S. Trustee's Office appointed the Trustee to serve as the Chapter 11 trustee in the Bankruptcy Cases. By order [Docket No. 119] (the "Appointment Order") entered on the same day, the Trustee's appointment was confirmed and approved by the Court. A true and correct copy of the Appointment Order is attached hereto as **Exhibit A**.[4]

8. On July 2, 2009, the Debtors filed their *Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* [Docket No. 64] (the "Interim Compensation Procedures Motion"). On July 31, 2009, the Court entered its order granting the Interim Compensation Procedures Motion [Docket No. 152] (the "Interim Compensation Procedures Order"). Among other things, the Interim Compensation Procedures Order allows the Debtors to pay, absent an objection, eighty percent (80%) of the monthly fees and one hundred percent (100%) of the monthly expenses of all professionals retained in the Debtors' Bankruptcy Cases, including professionals retained by the Official Committee of Unsecured Creditors (the "Creditors' Committee") or the Official Investors'

---

[3] The Protocol was agreed to, accepted, and approved in all respects by the receiver, the Official Committee of Unsecured Creditors, the Securities and Exchange Commission, the Official Investors Committee (at such time being an ad hoc committee), the Honorable Sam A. Lindsay, and the Honorable Harlin D. Hale.

[4] The exhibits to the Application have been filed with the Court, but are not being served on the parties receiving service via United States mail. Upon written request, Munsch Hardt will provide the exhibits to a requesting party at no charge.

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010 –
Page 4**

Committee (the "Investors' Committee") in the Bankruptcy Cases. Additionally, the Interim Compensation Procedures Order requires each professional retained in the Bankruptcy Cases to file interim fee applications beginning on November 2, 2009, and thereafter at approximately four (4) month intervals.

9. On September 4, 2009, the Trustee filed his *Motion to Modify the Order Granting Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals [*Docket No. 255] (the "Modified Interim Compensation Procedures Motion"). The Modified Interim Compensation Procedures Motion sought Court approval to include the Trustee, as well as his attorneys and financial advisors, as "Professionals" for the purpose of the Interim Compensation Procedures Order and to authorize the Trustee and his professionals to seek interim compensation pursuant to the procedures therein. On September 16, 2009, the Court entered an order [Docket No. 295] (the "Modified Interim Compensation Procedures Order") granting the Trustee's Modified Interim Compensation Procedures Motion.

### III. SUMMARY OF THE APPLICATION

10. The Trustee requests interim approval, pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code and Rules 2016(a) and 9013 of the Federal Rules of Bankruptcy Procedure, of his fees in the amount of $123,386.00 and expenses in the amount of $114.87, for a total of $123,500.87, and that the Court authorize the payment of the Trustee's unpaid fees in the amount of $46,576.20. A summary of fees, payments received, and balance remaining is attached hereto as **Exhibit B**. The Trustee's invoices providing detailed time entries are attached hereto as **Exhibit C**.

11. The Trustee has not received a retainer in connection with his appointment as Trustee.

## IV. PRIOR APPLICATIONS

**First Interim Fee Application:**

12. On November 3, 2009, movant filed the *First Interim Application of Dennis L. Roossien, Jr., Chapter 11 Trustee, for the Allowance of Fees and Expenses for the Period July 2, 2009 through September 30, 2009* [Docket No. 392] (the "First Interim Fee Application").

13. During the time period encompassed in the First Interim Fee Application, the Trustee rendered a total of 246.10 hours of professional services on behalf of the Debtors' Estates, resulting in fees of $83,674.00 (100%). There were no reimbursable expenses requested in the First Interim Fee Application.

14. An Order approving the Trustee's First Interim Fee Application was entered on December 9, 2009, and his fees have been paid in accordance with the Interim Fee Procedures Order and the Modified Interim Fee Procedures Order.

## V. REQUEST FOR ALLOWANCE

### A. Standards for Allowance of Fees and Expenses

15. Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary professional services rendered by a professional in the case, determining the reasonableness of the compensation requested based upon the nature, extent and value of such services. Similarly, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of such services. Specifically, section 330 provides in pertinence:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections . . . 328 . . ., the court may award to a . . . professional person employed under section 327 . . . –
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses . . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . .
>>
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1) and (3). In considering the reasonableness of fees requested under section 330, the Fifth Circuit has traditionally used the lodestar method, whereby the loadstar is calculated by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate in the community and then adjusted upward or downward based upon the factors listed in section 330(a)(3) and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] *See In re Cahill*, 428 F.3d 536, 539-40 (5th

---

[5] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues addressed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010 – Page 7**

Cir. 2005); *see also Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *Donaldson Lufkin & Jenrette Secs. Corp. v. National Gypsum Co. (In re National Gypsum Co.)*, 123 F.3d 861, 863 (5th Cir. 1997); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

16. Pursuant to section 331 of the Bankruptcy Code, interim applications for the allowance of fees and expenses may be submitted every one hundred twenty (120) days following the entry of an order for relief, or at such earlier intervals as the court permits. *See* 11 U.S.C. § 331.

**B.    Application of Standards to the Trustee's Request for Fees**

17. The Trustee requests interim allowance of the fees incurred during the Compensation Period in the amount of $123,386.00. Such fees are reasonable and supported under the factors set forth in section 330(a)(3) and *Johnson*.[6]

*Time Spent on Services and Nature of Services Rendered*

18. During the Compensation Period, the Trustee spent 362.90 hours managing the Debtors' Estates. A summary of the most significant matters handled by the Trustee during the Compensation Period is provided below.

    a.    <u>Case Administration</u>. During the Compensation Period, the Trustee, among other things: (i) conferred with legal team regarding strategies to control expenses and bring closure to the cases; (ii) worked with Bridge Associates LLC on operational and budget issues; and (iii) addressed issues with investor claims and general course of action.

    b.    <u>Communications with Committees</u>. During the Compensation Period, the Trustee, among other things: (i) directed efforts to respond to the Creditors' Committee's objection to the OCB Professionals' employment applications; and (ii) conferred with counsel for both Committees on the Plan, the sales of assets, Blimline issues, potential third party claims, and strategy.

---

[6] *See* Footnote No. 5.

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010** – **Page 8**

  c.  <u>Asset Sales/Disposition</u>.  During the Compensation Period, the Trustee, among other things:  (i) continued to manage overall asset sales; (ii) consulted with Raymond James on marketing of leases and addressed cure issues; (ii) attended auctions held on October 22, 2009, and January 14, 2010; (iv) monitored PSA negotiations; and (v) prepared for and attended hearings on the sale motions.

  d.  <u>D&O Claims</u>.  During the Compensation Period, the Trustee, among other things:  (i) conferred with legal team on the potential D&O claims and proposed course of action; (ii) directed witness interviews and met with legal team on information obtained; (iii) attended meetings with SEC regarding results of investigations; (iv) reviewed and approved electronic document proposal and established protocols for handling electronic data; and (v) prepared for and attended settlement conference with Defendants' counsel

  e.  <u>Blimline</u>.  During the Compensation Period, the Trustee, among other things:  (i) routinely conferred with legal team and SEC on the status and proposed course of action on issues concerning Joe Blimline and his entities; (ii) reviewed pleadings filed in the J2 bankruptcy cases and worked on the Trustee's statement filed in those cases; (iii) attended hearings in the J2 cases; (iv) met with Mr. Blimline and his counsel to negotiate possible settlement terms; and (v) continued to monitor investigation of Blimline's assets and the assets of the various entities he controls.

*Rates Charged for Such Services and Their Customary Nature*

19. Pursuant to the Trustee's approved fee arrangement in the Bankruptcy Cases, the Trustee's fees have been determined on an hourly fee basis, utilizing his reduced hourly rate of $340.  Although most trustees are paid a percentage-based compensation pursuant to 11 U.S.C. Section 326(a), the Trustee requested that he be paid at his reduced hourly billing rate, which will cost the Debtors' Estates less, thereby providing additional funds for payments to creditors.

*Reasonableness of Fees*

20. The Trustee submits that his experience and expertise serving as a fiduciary in other cases of similar or larger proportion and in complex litigation and bankruptcy matters have resulted in the efficient handling of difficult tasks which would otherwise have required a greater

**SECOND INTERIM APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010** – Page 9

expenditure of time had a less experienced trustee handled these matters. Furthermore, the Trustee is billing on a reduced hourly fee basis, which he believes will result in lower fees than the percentage-based compensation.

*Necessary and Beneficial Nature of Services*

21. The Trustee submits that his efforts generally described above have been both necessary and beneficial to the Estates and the administration of the Bankruptcy Cases. Among other things, the Trustee has consummated the sales of leasehold assets and mineral assets, and continues to investigate claims that could provide potential recovery for the Debtors' Estates. During the Compensation Period, the Trustee supervised and coordinated the activities of the Debtors' professionals and was actively involved in addressing various issues raised by the investors and creditors of the Estates.

*Reasonableness of Time Expended and Time Constraints*

22. The Trustee expended only that time which he deemed necessary to accomplish his objectives in the Bankruptcy Cases. While certain of the issues encountered during the Compensation Period were not unduly complicated, many others were complex, novel and extremely time-consuming.

23. Given the contentious nature of certain matters in the Bankruptcy Cases and the situation in which the Trustee was appointed, the Trustee has been required to devote substantial amounts of time to the Bankruptcy Estates. This, in turn, has limited his ability to take on other significant, long-term engagements.

**C.    Application of Standards to Trustee's Request for Allowance of Expenses**

24. The Trustee requests allowance of the expenses actually incurred during the Compensation Period in the amount of $114.87. These expenses consist of charges for long

distance telephone calls, search fees, and parking, all of which were provided by outside vendors and passed on at the actual cost incurred by the Trustee.

25. To the best of the Trustee's knowledge, all of the expenses sought to be allowed and reimbursed are in compliance with the U.S. Trustee's Guidelines.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests: (i) interim allowance of compensation for services rendered and expenses incurred during the Compensation Period in the aggregate amount of $123,500.87; (ii) authorization to immediately pay the Trustee $46,576.20, representing the unpaid amount owing to him during the Compensation Period; and (iii) for such other and further relief as is just and equitable.

Respectfully submitted on this 26th day of February, 2010.

/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

## CERTIFICATE OF COMPLIANCE

This is to certify that I have read the foregoing Application, that to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and reimbursement sought is in conformity with the U.S. Trustee's Guidelines, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Munsch Hardt Kopf & Harr, P.C. and generally accepted by its clients.

                                                                      /s/ Dennis L. Roossien, Jr.
                                                                      Dennis L. Roossien, Jr.

## CERTIFICATE OF SERVICE

On this 26th day of February, 2010, the undersigned hereby certifies that he caused Epiq Bankruptcy Solutions, LLC, as service agent, to serve a true and correct copy of the foregoing Application, <u>without exhibits</u>, upon all parties on the Master Service List, as updated from time to time, via first-class mail, postage prepaid, and upon the parties shown below, <u>with exhibits</u>, via electronic mail.

| | |
|---|---|
| Holland N. O'Neil<br>honeil@gardere.com | Michael Rochelle<br>buzz.rochelle@romclawyers.com |
| Daniel C. Scott<br>dcscott@gardere.com | David Phelps<br>dphelps@bridgellc.com |
| R. David Garlock<br>dgarlock@bridgellc.com | Tonya Ramsey<br>tramsey@velaw.com |
| Dennis L. Roossien<br>droossien@munsch.com | George F. McElreath<br>George.f.mcelreath@usdoj.gov\ |

                                                                    /s/ Kevin M. Lippman
                                                                    Kevin M. Lippman