U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed June 10, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-33886 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER CONFIRMING FOURTH AMENDED CONSOLIDATED**
**PLAN OF LIQUIDATION FOR DEBTORS' ESTATES UNDER**
**CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

On June 8, 2010, the Court conducted a hearing (the "Confirmation Hearing") on confirmation of the *Fourth Amended Consolidated Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 748] (the "Plan").[1] Having considered the Plan, all filed objections to confirmation of the Plan, agreements announced resolving certain objections to the Plan, the evidence presented, arguments of counsel, and having taken judicial notice of the pleadings, evidence and record presented in this case, and based on the Court's findings of fact and conclusions of law announced at the Confirmation Hearing, which are incorporated herein by

---

[1] Unless separately defined, all capitalized terms herein shall have the meanings ascribed to such terms in the Plan.

reference and made a part hereof, it is hereby:[2]

# I. Objections to Confirmation and Agreements in Resolution Thereof

ORDERED that the resolution of certain objections to the Plan are evidenced by the terms set forth hereinbelow or by the statements and representations on the record at the Confirmation Hearing, and such agreements are approved in all respects and the Plan is hereby modified to the extent necessary to incorporate the provisions thereof, it is further

ORDERED that the agreement announced at the Confirmation Hearing in resolution of the objection filed by Jolley, Castillo, Drennon Ltd d/b/a Sierra Engineering (the "Jolley Objection") is hereby approved in all respects and the Jolley Objection is withdrawn; it is further

ORDERED that, notwithstanding any provision of the Plan, any supplement thereto or any agreement in furtherance of the Plan to the contrary, the following provisions (the "Dallas County Order Provisions") shall apply to treatment of the Allowed Administrative Claims held by Dallas County ("Dallas County") for year 2010 ad valorem business personal property taxes (the "2010 Ad Valorem Taxes"):

> Notwithstanding any other provision in this order, the Plan, any supplement thereto or agreement in furtherance of the Plan, any claim of Dallas County for year 2010 ad valorem property taxes shall be an Administrative Claim. Dallas County shall retain any and all liens against the Debtors' assets that secure year 2010 ad valorem property taxes and/or any penalties and interest that may accrue in connection therewith. In the event of a sale of the assets securing year 2010 ad valorem property taxes owed to Dallas County, any liens securing Dallas County's Administrative Claim shall attach to the sale proceeds with the same validity, priority and extent that they attached to the assets sold. The Administrative Claims Bar Date under the Plan shall not apply to a claim by Dallas County for year 2010 ad valorem property taxes, which claim, to the extent that the Debtors or their Estates do not dispute the amount(s) thereof, shall be paid in the ordinary course of business prior to the state law delinquency date. In the event of a dispute as to the amount or validity of such 2010 ad valorem property taxes, or a default by a Debtor or its estate in the payment of same, Dallas County shall seek

---

[2] The Court reserves the right to supplement its findings and conclusions with written findings of fact and conclusions law.

authorization or relief from the Bankruptcy Court prior to seeking to enforce its remedies pursuant to state law outside of the Bankruptcy Court. Upon the final resolution of any dispute concerning a claim by Dallas County for year 2010 ad valorem property taxes, all amounts ultimately determined to be owing and payable by the Debtors or their Estates, including without limitation, any penalties and/or interest, will be promptly paid within fifteen (15) days of such resolution as an Administrative Claim of the Debtors' Estates.

It is further

ORDERED that, to the extent the Dallas County Order Provisions constitute a modification to the Plan, such modification is hereby approved in all respects and all votes cast in relation to the Plan shall apply with equal force to the Plan, as modified by the Dallas County Order Provisions (with all further references to the Plan herein to mean and refer to the Plan, as so modified); it is further

ORDERED that all other objections to confirmation of the Plan, including all reservations of rights contained therein, are hereby overruled; it is further

## II. Confirmation of Plan and Its Binding Effect

ORDERED that the Plan, as modified by this Order, is confirmed and approved in its entirety and in all respects; it is further

ORDERED that entry of this Order conclusively establishes that all of the conditions precedent to confirmation of the Plan set forth in section 10.1 of the Plan have been satisfied by performance, occurrence or waiver thereof; it is further

ORDERED that, in accordance with section 11.1 of the Plan, on the Effective Date of the Plan, the Plan and each of its provisions shall be binding on the Debtors, the Chapter 11 Trustee, the Committees, the Plan Agent, the Post-Confirmation Debtors, the PR Liquidating Trust, the Liquidating Trustee, all Creditors, all Preferred Stock Interest holders, all Other Equity Interest

holders and all Persons acquiring property under the Plan, whether or not they voted to accept the Plan, whether or not they had a right to vote on the Plan, whether or not any Claim, Preferred Stock Interest or Other Equity Interest held by any of them is Impaired under the Plan, whether or not any Claim, Preferred Stock Interest or Other Equity Interest held by any of them is Allowed in full, only in part, or Disallowed in full, and whether or not a Distribution is made to any of them under the Plan; it is further

### III. The Plan Agent and Administration of the Plan

ORDERED that, in accordance with section 6.1 of the Plan, as of the Effective Date and subject to the provisions of the Plan, the Chapter 11 Trustee is hereby appointed to serve as the Plan Agent and is authorized to administer and enforce the Plan on behalf of the Post-Confirmation Debtors, and exercise the rights and perform the duties of the Plan Agent thereunder, in accordance with the provisions of the Plan; it is further

ORDERED that the Plan Agent shall have all rights, powers and duties incident or otherwise as may be reasonably necessary or appropriate to cause performance of the obligations under the Plan, including but not limited to the authority to convey, transfer and assign any and all property of the Estates consistent with the provisions of the Plan, and shall be authorized to take any and all actions necessary to effectuate the terms thereof, including but not limited to making Distributions and transferring Trust Assets to the PR Liquidating Trust; it is further

ORDERED that, in accordance with section 6.6 of the Plan and section 1146 of the Bankruptcy Code, the making and/or delivery of any instrument of transfer under, or pursuant to the terms of, the Plan shall not be taxed under any law imposing a stamp tax or similar tax; it is further

ORDERED that the provisions for compensation and the reimbursement of out-of-pocket expenses of the Plan Agent and any professionals and other Persons employed by the Plan Agent to assist in the administration of the Plan set forth in section 6.1.3 of the Plan are hereby approved as appropriate and reasonable; it is further

### IV. The PR Liquidating Creditor Trust, Vesting of Trust Assets, and Transfer of Causes of Action

ORDERED that the Trust Agreement is approved substantially in the form attached to the Plan; it is further

ORDERED that, in accordance with section 6.2.1 of the Plan, as of the Effective Date of the Plan, the Plan Agent, the Post-Confirmation Debtors, the PR Liquidating Trust, the Liquidating Trustee, and all Preferred Stock Interest holders shall be deemed to have adopted and approved the Trust Documentation; *provided, however*, that any holder of a Preferred Stock Interest who objected to the Plan is not deemed to waive any of its objection for purposes of appeal; it is further

ORDERED that, in accordance with section 6.2.6 of the Plan, as of the Effective Date of the Plan, Milo H. Segner, Jr., is hereby appointed to serve as the Liquidating Trustee of the PR Liquidating Trust and is hereby authorized to exercise all rights and powers of such position to effectuate the Plan and the Trust Agreement and perform the duties of the Liquidating Trustee thereunder; it is further

ORDERED that, in accordance with section 6.2.9 of the Plan, as of the Effective Date of the Plan, Paul Haavik, Gary Holcombe, and Eduardo A. Garcia are hereby appointed to serve as the members of the PR Liquidating Trust Oversight Committee; it is further

ORDERED that, in accordance with section 6.2.1 of the Plan, on the Effective Date of the

Plan, Plan Agent and the Liquidating Trustee shall execute the Trust Documentation to establish the PR Liquidating Trust; it is further

ORDERED that, in accordance with section 6.4 of the Plan, on the Effective Date of the Plan, and except as otherwise expressly provided in the Plan (including, without limitation, section 4.1.2 of the Plan), all notes, instruments, certificates and other documents evidencing a Claim or Other Equity Interest against the Debtors or the Estates shall be canceled and deemed terminated, and all Liens affecting the Assets of the Debtors, the Post-Confirmation Debtors or their Estates shall be automatically, and without any further action required by any party or the Court, deemed released and extinguished; it is further

ORDERED that, in accordance with sections 6.2.2, 6.5 and 11.2 of the Plan, as of the Effective Date of the Plan but subject to the Plan Agent filing his notice of transfer of Causes of Action to the PR Liquidating Trust, the Initial Trust Assets are hereby transferred to, and deemed to vest in, the PR Liquidating Trust, and except as expressly provided otherwise in the Plan (including, without limitation, section 4.1.2 of the Plan), such transfer and vesting is free and clear of all Liens, Claims and encumbrances of any nature whatsoever; it is further

ORDERED that, in accordance with section 6.2.3 of the Plan, as of the Effective Date of the Plan, the PR Liquidating Trust is hereby deemed to have received an assignment, bill of sale, deed and/or release of the Sinclair Allocation Claims; it is further

ORDERED that, in accordance with sections 4.6.3 and 6.2.3 of the Plan, as of the Effective Date of the Plan, the PR Liquidating Trust is hereby deemed to have received an assignment, bill of sale, deed and/or release from each holder of a Preferred Stock Interest who (a) submitted a Ballot voting in favor of the Plan, and (b) did not exercise the Opt-Out Election,

of all rights, title and interest in such holder's claims against third parties arising in connection with the purchase of Preferred Stock Interests in one or more of the Debtors; it is further

ORDERED that any Preferred Stock Interest holder assigning such holder's personal claims to the PR Liquidating Trust is hereby deemed to have appointed the Liquidating Trustee to be the assigning holder's true and lawful attorney-in-fact with regard to such claims, and on and after the Effective Date, the Liquidating Trustee shall have authority and standing to prosecute, enforce, pursue, sue on, settle or compromise (or decline to do any of the foregoing) such assigned claims to the fullest extent permitted under applicable law; it is further

ORDERED that, in accordance with section 11.2 of the Plan, as of the Effective Date of the Plan, all of the Assets of the Estates, subject to the vesting of the Initial Trust Assets in the PR Liquidating Trust, are hereby re-vested in the Post-Confirmation Debtors free and clear of all Liens, Claims and encumbrances, of any nature whatsoever; it is further

ORDERED that, in accordance with sections 6.2.2 and 6.5 of the Plan, as of the Effective Date of the Plan, and except as otherwise expressly provided in the Plan, all Causes of Action are hereby preserved and transferred to, and deemed to vest in, the PR Liquidating Trust, including without limitation:

(a)  all claims, defenses and counterclaims asserted or that may be asserted by a Debtor, the Chapter 11 Trustee or any Estate in an adversary proceeding or other civil litigation pending as of the Effective Date;

(b)  all claims and Causes of Action held by a Debtor against any Person, including but not limited to the following, along with similar and related Causes of Action: breach of fiduciary duty; negligence; gross negligence; negligence per se; negligent hiring, supervision, training, or retention; negligent contracting; negligent retention of experts; tortious interference; breach of agency; unfair and deceptive trade practices; agency liability; actual authority; apparent authority; respondeat superior; vice-principal; liability for the debts of another; actual damages; consequential damages; treble damages; breach of trust fund duties; contract theories of recovery including but not limited to breach of contract and usury;

breach of warranty; breach of implied warranty and related theories of recovery dealing with both goods and services or any combination thereof; quasi-contract claims including but not limited to *quantum meruit* and *quantum valebat*; promissory estoppel; equitable estoppel; quasi-estoppel; suit on sworn account, and money had and received; tort theories of liability including but not limited to tortious interference with existing contract; tortious interference with prospective contract; tortious interference with contractual/business relations; conversion; fraud; fraud in the inducement; fraudulent concealment; defalcation; bad faith denial of coverage or other insurance claims; constructive eviction; wrongful eviction; wrongful foreclosure; malpractice; libel; slander; malicious prosecution; premises liability; trade-secret misappropriation; fraudulent misrepresentation; negligent misrepresentation; abuse of process; trespass; statutory claims and related theories of recovery including but not limited to claims under the Bankruptcy Code, including but not limited to objections to the allowance of claims including claims for disgorgement, any claim related to the extent, priority, subordination, or validity of liens, claims under 11 U.S.C. §§ 542, 543, 544, 547, 548, 549, and 550, claims pursuant to the Texas Business and Commerce Code including fraudulent transfers under Chapter 27, and claims pursuant to title 18 U.S.C.; statutory claims and related theories of recovery including but not limited to claims under section 10(b) of the Securities Exchange Act of 1934, SEC Rule 10b-5, Financial Industry Regulatory Authority Rules, National Association of Security Dealers Rules, Racketeer Influenced and Corrupt Organizations Act, State Blue Sky Laws, and State Unfair and Deceptive Trade Practices Acts, including but not limited to securities fraud, unsuitable recommendations, unauthorized trading, failure to supervise, misrepresentation or omission of material fact, churning, false certification, deficient financial disclosure, deficient research report certification, and racketeering; statutory claims and related theories of recovery including but not limited to claims for fraud, misrepresentation, negligent misrepresentation or breach of any warranty or duty with respect to the title, ownership, estate, or value involved in the sale or lease of any real property, including but not limited to oil and gas or other mineral interests; participatory, vicarious, secondary, and related theories of liability including but not limited to aiding and abetting, conspiracy, principal-agent, partnership, *alter ego*, common enterprise, single business enterprise, joint enterprise, joint and several liability, proportionate responsibility, contribution, indemnity, contribution and indemnity, and veil piercing; equitable claims including but not limited to claim for lien subordination and contempt; any claims or causes of action related to any matter listed on the Schedules or Statement of Financial Affairs, unjust enrichment, debt; computer fraud and abuse; trademark, copyright and patent infringement; ERISA, common law misappropriation; conversion; Texas Theft Liability Act; exemplary damages; prejudgment interest; post-judgment interest; court costs; and attorney's fees;

(c) all claims and Causes of Action which may be assertable by the Estates, or otherwise by the Liquidating Trustee pursuant to the provisions of the Plan,

against any or all entities involved in selling Debtor securities to holders of Preferred Stock Interests including, but were not limited to: QA3 Financial Corp; Capital Financial Services; Securities America, Inc.; NEXT Financial Group; CapWest Financial; CapWest Securities; Okoboji Financial Services; GunnAllen Financial; J.P. Turner & Company LLC; Workman Securities; WFP Securities; Milkie Ferguson Investments Inc.; Harrison Douglas, Inc.; E-Planning Securities, Inc; AFA Financial Group, LLC; National Securities; Investors Capital Corp.; United Securities Alliance, Inc.; Chester Harris & Company; Community Bankers Securities; Empire Financial Group; Empire Securities Corp.; Private Asset Group, Inc.; Investlinc Securities; David Harris & Company; United Equity Securities, LLC; Kaiser & Company; DeWaay Financial Network; WestPark Capital; Boogie Investment Group, Inc.; Securities Network LLC; Summit Brokerage; Barron Moore, Inc.; Brookstone Securities, Inc.; Matheson Securities; American Portfolios; Advisory Group Equity Services; Main Street Securities; Eagle One Investments; Calton & Associates, Inc.; Lighthouse Capital Corporation; Questar Capital Corp; Callaway Financial; First Allied Securities; Newbridge Securities Corp.; Amtex Associates; Grant Bettingen, Inc.; Jesup & Lamont; Sterling Enterprises Group, Inc.; WFG Investments; Cresecent Securities Group; AGES; GK Securities; Williams Financial Group; Ausdal Financial Partners; Asset Strategies & Management; Waterford Investor Services.

(d) All claims and Causes of Action arising under chapter 5 of the Bankruptcy Code or under other applicable law against the recipients of payments reflected on the Statement of Financial Affairs filed for the Debtors on August 10, 2009 [Docket No. 178] in response to Item No. 3, which is incorporated herein, by reference, for all intents and purposes;

(e) all claims and Causes of Action against:

    (i) All officers, directors, employees, agents, independent contractors of any Debtor;

    (ii) Any Person that contracted with any Debtor;

    (iii) PFM and all employees, officers, agents and independent contractors thereof;

    (iv) Any Person that sold anything to or purchased anything from any Debtor;

    (v) Any bank in which any Debtor had funds or which loaned money to any Debtor;

    (vi) Any Person that ever received anything of value from any Debtor;

    (vii) Partners and joint venturers with any Debtor;

  (viii) Any Person that owed any legal duty, no matter how arising, to any Debtor;

  (ix) Any Person that sold or purported to sell or lease any interest in real property, including mineral interests, to any Debtor;

  (x) Any Person previously involved in litigation with any Debtor;

  (xi) Any Person that is a party to litigation involving any Debtor at the time of the confirmation of the Plan;

  (xii) Any Person against whom a Cause of Action is discovered after the confirmation of the Plan by the Chapter 11 Trustee, the Plan Agent or the Liquidating Trustee;

  (xiv) Any Person that breached any contractual obligation (whether written or oral) to any Debtor;

  (xv) Any landman who procured leases on behalf of any Debtor;

  (xvi) Any lessor who failed to assign to any Debtor a lease for the acreage acquired by the Debtor;

  (xvii) Any seller and operator of revenue producing properties sold to any Debtor and the assignments and/or division orders were not filed;

  (xviii) Any Person that provided information or due diligence materials, or asserted, acted or neglected to act in any way in connection with sales of any interests in any Debtor to investors;

  (xix) Any Person that provided information or due diligence materials, or asserted, acted or neglected to act in any way, in connection with the sale to investors of any interest in any Debtor;

  (xx) Any Person that may have committed any tortious act against any Debtor; and

  (xxi) All claims and Causes of Action against the Jordan Liquidating Trust and any party who participated in the transactions serving as the basis for the Claim filed by the Jordan Liquidating Trust in the Bankruptcy Cases.

 (f) all other Causes of Action referenced in the Plan, or in the Disclosure Statement, including, without limitation, Articles III.B, V, VI, VII, IX.E and Exhibits C, E, and F of the Disclosure Statement, which is incorporated herein for all intents and purposes; it is further

---

**ORDER CONFIRMING FOURTH AMENDED CONSOLIDATED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE– Page 10**

ORDERED that on and following the Effective Date, the Liquidating Trustee shall have authority and standing to prosecute, enforce, pursue, sue on, settle or compromise (or decline to do any of the foregoing) such Causes of Action, and is hereby appointed as of the Effective Date, and in accordance with section 1123(b)(3) of the Bankruptcy Code, as the representative of the Estates for the purpose of prosecuting, enforcing, pursuing, and settling such Causes of Action; it is further

ORDERED that, following the Effective Date and subject to the provisions of sections 6.2.3 and 6.2.4 of the Plan, the Plan Agent shall transfer to the PR Liquidating Trust all of the remaining Trust Assets of the Estates and any net proceeds thereof, and except as expressly provided otherwise in the Plan, such transfer shall be free and clear of all Liens, Claims and encumbrances, of any nature whatsoever; it is further

ORDERED that, in accordance with section 6.2.5 of the Plan, as of the Effective Date of the Plan, (a) all Preferred Stock Interests in the Debtors, the Sinclair Allocation, and all corresponding Distribution rights and corresponding liability therefor, conferred by the Plan on account thereof, are hereby transferred to, and deemed to vest in, the PR Liquidating Trust, and (b) all objections, Causes of Action, counterclaims, rights of setoff, rights of recoupment, and any and all other defenses held by the Debtors or their Estates in relation to such Preferred Stock Interests, Distribution rights, and the holders thereof, and all liabilities therefor, are hereby preserved and transferred to the PR Liquidating Trust; it is further

ORDERED that on and after the Effective Date, the Liquidating Trustee shall have standing to assert, prosecute and settle any and all such objections, Causes of Action, counterclaims, rights of setoff, rights of recoupment and other defenses relating to the Preferred

Stock Interests, Distribution rights and the holders thereof, subject only to any limitations set forth in the Plan or the Trust Documentation; it is further

ORDERED that, in accordance with section 6.2.5 of the Plan, following the transfer of the Initial Trust Assets, all Preferred Stock Interests and the Sinclair Allocation shall be satisfied solely and exclusively from the PR Liquidating Trust in accordance with the provisions of the Plan, and none of the Debtors, Post-Confirmation Debtors or their Estates shall have any liability for or on account of any such Preferred Stock Interests or the Sinclair Allocation; it is further

ORDERED that, in accordance with section 6.2.5 of the Plan, following the transfer of the Initial Trust Assets, only the PR Liquidating Trust shall be liable for any Disputed Claim underlying a Cause of Action transferred to the PR Liquidating Trust to the extent such Cause of Action is comprised of an objection to such Disputed Claim that is (i) pending as of the Effective Date, and (ii) includes as a basis any counterclaim for affirmative relief by a Debtor or its Estate; it is further

ORDERED that none of the Debtors, Post-Confirmation Debtors or their Estates shall have any liability for or on account of any such Disputed Claims and the Liquidating Trustee shall have authority and standing to assert, prosecute and settle all objections, Causes of Action and counterclaims related to such Disputed Claims, subject only to any limitations set forth in the Plan or the Trust Documentation; it is further

ORDERED that, in accordance with section 6.2 of the Plan and section 1146 of the Bankruptcy Code, the transfer, conveyance, assignment and vesting of Trust Assets in and to the PR Liquidating Trust pursuant to the terms of the Plan shall not be taxed under any law imposing a stamp tax or similar tax; it is further

ORDERED that the provisions for compensation and the reimbursement of out-of-pocket expenses of the Liquidating Trustee and any professionals and other Persons employed by the Liquidating Trustee to assist in the administration of the PR Liquidating Trust set forth in section 6.2.7 of the Plan, sections 3.9 and 3.10 of the Trust Documentation, and the *Liquidating Trustee's Compensation Disclosure* [Docket No. 826], are hereby approved as reasonable; it is further

### V. Management, Wind-Up and Termination of the Debtors

ORDERED that, in accordance with sections 4.7.1 and 6.3.1 of the Plan, on the Effective Date of the Plan, all Other Equity Interests shall be cancelled, extinguished and otherwise rendered null, void and of no further force or effect, whatsoever, and the PR Liquidating Trust shall be deemed to be the sole owner of 100% of the stock, member or other equity interests of the Post-Confirmation Debtors pursuant to the Plan; it is further

ORDERED that, in accordance with section 6.3.1 of the Plan, on the Effective Date of the Plan, any remaining officers and directors of the Debtors shall be deemed terminated and the Plan Agent is deemed appointed as the President and sole member of the board of directors of the Post-Confirmation Debtors until he is discharged from his duties as Plan Agent, at which time the Liquidating Trustee shall be deemed appointed as the President and sole member of the board of directors of the Post-Confirmation Debtors; it is further

ORDERED that, in accordance with section 6.3.1 of the Plan, on the Effective Date of the Plan, the Debtors' articles, bylaws, operating agreements and other governing documents shall be deemed modified and amended to the extent necessary to effectuate section 6.3.1 of the Plan and this Order; it is further

### VI. Provisions Relating to Claims Administration

ORDERED that, in accordance with section 8.1 of the Plan and this Court's order granting the Motion for Approval of the Distribution Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure [Docket No. 722], the Debtors' Estates shall be treated as a single estate for the purpose of making Distributions against, and Equity Interests in, the Debtors under the Plan, and all Distributions on account of Allowed Claims and Allowed Preferred Stock Interests shall be made in accordance with the provisions of the Plan except as otherwise provided herein; it is further

ORDERED that, in accordance with section 4.4.3 of the Plan, the Claims listed on the Schedule of Deemed Allowed General Unsecured Claims attached to the Disclosure Statement as Exhibit "D" shall not be Disputed by the Trustee in any part, shall be deemed Allowed as of the Effective Date, and shall be paid in accordance with section 4.3.1 of the Plan; it is further

ORDERED that, in accordance with section 8.2 of the Plan, all Distributions under the Plan on account of Allowed Claims and Allowed Preferred Stock Interests shall be made to (or in the case of Disputed Claims reserved on behalf of) the holders of such Claims and Preferred Stock Interests determined as of the Distribution Record Date under the Plan; it is further

ORDERED that, in accordance with section 9.2 of the Plan, following the Effective Date of the Plan, and except as otherwise expressly contemplated by the Plan, no original or amended proof of Claim shall be filed in the Bankruptcy Cases to assert a Claim against the Debtors or their Estates without prior authorization of the Court, and any such proof of Claim which is filed without such authorization shall be deemed null, void and no force or effect; *provided, however*, that the holder of a Claim that has been evidenced in the Bankruptcy Cases by the filing of a proof of Claim on or before the Bar Date shall be permitted to file an amended proof of Claim in

relation to such Claim at any time if the sole purpose of the amendment is to reduce the amount of the Claim asserted; it is further

ORDERED that, in accordance with section 9.1 of the Plan, the deadline for the filing of objections to Claims in Classes 1-3 or 5 is hereby fixed as the Claims Objection Deadline under the Plan (90 days after the Effective Date of the Plan unless hereafter extended by the Court, for cause shown, upon motion filed with the Court on or prior to such date), and that any Disputed Claim as to which an objection is not filed on or before the Claims Objection Deadline shall be deemed to constitute an Allowed Claim under the Plan following the Claims Objection Deadline; it is further

ORDERED that, in accordance with section 9.1.2 of the Plan, only the Liquidating Trustee may file objections to Preferred Stock Interests and shall file any such objection by not later than 90 days after the Effective Date of the Plan, unless such deadline is extended by the Court, for cause shown, upon motion filed with the Court on or prior to such date; it is further

ORDERED that, in accordance with section 3.1.1 of the Plan, the Administrative Claims Bar Date for the filing and service of applications for the allowance of Administrative Claims other than (a) a Professional Fee Claim, (b) an Allowed Administrative Claim, or (c) a liability incurred and paid in the ordinary course of business by a Debtor, and notices related thereto, is hereby fixed as the date which is 30 days after the Effective Date of the Plan, unless not a Business Day, in which case the Administrative Claims Bar Date shall be the first Business Day thereafter, and that the failure of a holder of an Administrative Claim to file and serve such an application and notice by the Administrative Claims Bar Date shall result in such Administrative Claim being forever barred and discharged; it is further

ORDERED that, in accordance with section 3.1.2 of the Plan, the deadline for the filing and service of applications for the allowance of Professional Fee Claims for compensation for services rendered and reimbursement of expenses prior to the Effective Date, and notices related thereto, is hereby fixed as 60 days after the Effective Date of the Plan, and that the failure of a holder of a Professional Fee Claim to file and serve such an application and notice as required in this Order shall result in the Professional Fee Claim being forever barred and discharged; it is further

ORDERED that, in accordance with section 9.3 of the Plan, following the Effective Date of the Plan, and without the necessity of notice and Court approval, the Plan Agent and the Liquidating Trustee shall each have the authority to resolve any Disputed Claim which is the subject of a timely-filed Objection if the resolution will result in the Claim being Allowed in an amount of not greater than $20,000.00 more than the liquidated, non-disputed and non-contingent amount of the Claim as listed in the Debtor's Schedules; *provided, however*, that any resolution of a Disputed Claim under the above-parameters shall be evidenced by a notice filed with the Court; it is further

### VII. Executory Contracts and Unexpired Leases

ORDERED that, in accordance with section 7.1 of the Plan, each and every contract and lease of the Debtors which, as of the Effective Date of the Plan, (i) constitutes an executory contract or unexpired lease under the provisions of section 365 of the Bankruptcy Code, (ii) has not previously been assumed or rejected by the Debtors, and (iii) has not been made the subject of a motion to assume which is pending as of June 8, 2010, shall be deemed rejected as of the Petition Date under the provisions of section 365 of the Bankruptcy Code; it is further

ORDERED that, in accordance with section 7.2 of the Plan, any Claim arising from the rejection of executory contracts or unexpired leases with a Debtor must be evidenced by a motion proving same ("Rejection Damages Motion") and filed with the Court and served on the Plan Agent by no later than 21 days following the Effective Date of the Plan; it is further

ORDERED that any holder of such a Claim for rejection damages who fails to file and serve a Rejection Damages Motion on or before 21 days following the Effective Date of the Plan shall be deemed to have waived such Claim in full, and such Claim shall be deemed Disallowed and discharged; it is further

### VIII. General Provisions

ORDERED that, in accordance with section 11.4 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Person for any act taken or omission in connection with or related to formulating, negotiating, implementing, confirming, or consummating the Plan, the Disclosure Statement, Trust Documentation or other Plan Document, except to the extent section 1125(e) of the Bankruptcy Code provides otherwise; it is further

ORDERED that, in accordance with section 12.1 of the Plan, from and after the Effective Date of the Plan, the Plan Proponents, the Post-Confirmation Debtors, the Plan Agent and the Liquidating Trustee shall be, and are hereby, authorized to take any and all necessary steps, and to perform any and all necessary acts, to consummate the Plan in accordance with its terms and conditions; it is further

ORDERED that, in accordance with section 12.11 of the Plan, following the Effective Date of the Plan and once all applications for the allowance of Professional Fee Claims filed by professionals retained by the Debtors, the Trustee and the Committees have been determined by

Final Order, the Committees shall be dissolved and, upon such dissolution, the Committees, members of the Committees, and the Committees' professionals shall be released and discharged from any further duty or obligation arising under, arising in, or related to the Bankruptcy Cases; it is further

ORDERED that, in accordance with section 11.3 of the Plan:

**UPON THE EFFECTIVE DATE OF THE PLAN, ALL HOLDERS OF CLAIMS, ALL HOLDERS OF PREFERRED STOCK INTERESTS, ALL HOLDERS OF OTHER EQUITY INTERESTS AND ALL OTHER PARTIES IN INTEREST IN THE BANKRUPTCY CASES, ALONG WITH THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, PRINCIPALS, EMPLOYEES, AGENTS, SUCCESSORS AND ASSIGNS, SHALL BE AND ARE HEREBY ENJOINED FROM TAKING ANY ACTION TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.**

It is further

ORDERED that the provisions of the Plan or this Order enjoining parties from taking any action to interfere with implementation or consummation of the Plan shall not act to limit or prevent holders of Preferred Stock Interests from pursuing claims against third parties to the extent that such claims are not assigned to the PR Liquidating Trust by such holder pursuant to the terms of the Plan and this Order; it is further

ORDERED that notwithstanding the entry of this Order, the automatic stay provided by section 362(a) of the Bankruptcy Code shall continue to be effective and enforceable until the Effective Date of the Plan; it is further

ORDERED that, notwithstanding the entry of this Order and the occurrence of the Effective Date of the Plan, the Court shall retain jurisdiction, to the fullest extent legally permitted, over the Bankruptcy Cases, all proceedings arising under, arising in, or related to the

Bankruptcy Cases, the Plan, this Order, and administration of the PR Liquidating Trust, including, without limitation, the matters set forth in section 13.1 of the Plan; *provided*, *however*, that no provision of the Plan or this Order shall in any way confer jurisdiction to the Court over claims against third parties to the extent that such claims are not assigned to the PR Liquidating Trust by holders of Preferred Stock Interests pursuant to the terms of the Plan and this Order; it is further

ORDERED that the stay imposed by Bankruptcy Rule 3020(e) or any other applicable Bankruptcy Rule is waived, and the Plan Proponents are authorized to consummate the Plan upon entry of this Order; it is further

ORDERED that the Trustee shall serve a true and correct copy of this Order on all holders of all Claims in the Bankruptcy Cases, and shall otherwise provide notice of the entry of this Order to all holders of Preferred Stock Interests and other parties in interest identified on the court-approved Official Service List maintained in the Bankruptcy Cases; and it is further

ORDERED that, upon the Effective Date of the Plan, the Plan Agent shall promptly file a notice with the Court indicating that the Plan has become effective, specifying the date of the Effective Date and the date of each of the deadlines established by this Order in reference to the Effective Date, and shall further serve a copy of such notice on all parties in interest identified on the court-approved Official Service List maintained in the Bankruptcy Cases and all holders of Claims and Preferred Stock Interests.

### END OF ORDER ###

*Approved as to Form and Content:*

By: /s/ Kevin M. Lippman
    Joseph J. Wielebinski
    Texas Bar No. 21432400
    Kevin M. Lippman
    Texas Bar No. 00784479
    Kathleen M. Patrick
    Texas Bar No. 24037243
    **MUNSCH HARDT KOPF & HARR, P.C.**
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

    *Attorneys for Dennis L. Roossien, Jr., Chapter 11 Trustee*

By: /s/ Holland N. O'Neil
    Holland N. O'Neil
    Texas Bar No. 14864700
    Daniel C. Scott
    Texas Bar No. 24051316
    **GARDERE WYNNE SEWELL LLP**
    1601 Elm Street
    3000 Thanksgiving Tower
    Dallas, Texas 75201
    Telephone: (214) 999-4607
    Facsimile: (214) 999-3607

    *Attorneys for Official Committee of Unsecured Creditors*

By: /s/ Michael R. Rochelle
    Michael R. Rochelle
    Texas Bar No. 17126700
    Christopher B. Harper
    Texas Bar No. 09025500
    **ROCHELLE McCULLOUGH LLP**
    325 N. St. Paul, Suite 4500
    Dallas, Texas 75201
    Telephone: (214) 953-0182
    Facsimile: (214) 953-0185

    *Attorneys for Official Investors Committee*