# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-33886 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## NOTICE OF (I) ENTRY OF THE CONFIRMATION ORDER AND THE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT THEREOF, (II) EFFECTIVE DATE OF THE PLAN AND DEADLINES ESTABLISHED THEREBY, AND (III) THE <u>VESTING OF INITIAL TRUST ASSETS IN THE PR LIQUIDATING TRUST</u>

**PLEASE TAKE NOTICE** that on June 10, 2010, the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>") entered its *Order Confirming Fourth Amended Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 860] (the "<u>Confirmation Order</u>").[1]

**PLEASE TAKE FURTHER NOTICE** that on the same day, the Bankruptcy Court also entered its *Findings of Fact and Conclusions of Law with respect to Confirmation of Fourth Amended Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 861] (the "<u>Findings and Conclusions</u>").

**PLEASE TAKE FURTHER NOTICE** that on June 14, 2010, all the conditions precedent to the effectiveness of the Plan were satisfied or waived in accordance with terms of the Plan and the Confirmation Order. Accordingly, the Effective Date under the terms of the Plan and Confirmation Order is **<u>June 14, 2010</u>**.

**PLEASE TAKE FURTHER NOTICE** that in accordance with section 6.1 of the Plan and the Confirmation Order, the Chapter 11 Trustee was appointed as the Plan Agent on the Effective Date to administer and enforce the Plan on behalf of the Post-Confirmation Debtors.

**PLEASE TAKE FURTHER NOTICE** that in accordance with section 6.2 of the Plan, the Confirmation Order and the Trust Agreement, on the Effective Date, the PR Liquidating Trust was established, Milo Segner, Jr. was appointed as the Liquidating Trustee, and Paul Haavik, Gary Holcombe, and Eduardo A. Garcia were appointed to serve as the members of the Trust Oversight Committee.

**PLEASE TAKE FURTHER NOTICE** that in accordance with section 7.1 of the Plan and the Confirmation Order, all contracts and leases that, as of the Effective Date, constitute an executory contract or unexpired lease under section 365 of the Bankruptcy Code and (i) were not

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the *Fourth Amended Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 748] (the "<u>Plan</u>").

previously assumed or rejected by the Debtors, or (ii) were not made the subject of a motion to assume pending as of June 8, 2010, shall be deemed rejected as of the Petition Date under section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that in accordance with section 11.3 of the Plan and as ordered by the Confirmation Order:

> **UPON THE EFFECTIVE DATE OF THE PLAN, ALL HOLDERS OF CLAIMS, ALL HOLDERS OF PREFERRED STOCK INTERESTS, ALL HOLDERS OF OTHER EQUITY INTERESTS AND ALL OTHER PARTIES IN INTEREST IN THE BANKRUPTCY CASES, ALONG WITH THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, PRINCIPALS, EMPLOYEES, AGENTS, SUCCESSORS AND ASSIGNS, SHALL BE AND ARE HEREBY ENJOINED FROM TAKING ANY ACTION TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that, as a result of the Bankruptcy Court confirming the Plan, the following deadlines have been established under the terms of the Plan and the Confirmation Order:

1. **Rejection Damage Motion Deadline: July 5, 2010**. In accordance with section 7.2 of the Plan and the Confirmation Order, any Claim arising from the rejection of an executory contract or unexpired lease with a Debtor must be evidenced by a motion proving same ("Rejection Damages Motion"). Any Rejection Damages Motion must be filed with the Bankruptcy Court and served on the Plan Agent on or before **July 5, 2010**, which is twenty-one (21) days after the Effective Date. Any holder of a Claim for rejection damages that fails to file and serve a Rejection Damages Motion on or before July 5, 2010 shall be deemed to have waived such Claim in full, and such Claim shall be deemed Disallowed and discharged.

2. **Administrative Claim Bar Date: July 14, 2010**. In accordance with section 3.1.1 of the Plan and the Confirmation Order, the Administrative Claims Bar Date for the filing and service of applications for the allowance of an Administrative Claim (other than (a) a Professional Fee Claim, (b) an Allowed Administrative Claim, or (c) a liability incurred and paid in the ordinary course of business by a Debtor) is **July 14, 2010**, which is thirty (30) days after the Effective Date. Any holder of an applicable Administrative Claim that fails to file and serve such an application on or before July 14, 2010 shall be deemed to have waived such Administrative Claim in full, and such Administrative Claim shall be deemed barred and discharged. Any party in interest with standing to object to such an application must file an objection within twenty-one (21) days after the date the application for the allowance of such Administrative Claim is served. No hearing may be held on such application until the twenty-one (21) day objection period has expired. As provided in the Confirmation Order, the Administrative Clam Bar Date shall not apply to a claim by Dallas County, Texas for year 2010 ad valorem business personal property taxes.

3. **Professional Fee Application Deadline: August 13, 2010**. In accordance with section 3.1.2 of the Plan and the Confirmation Order, the deadline for filing and serving an application for the allowance of a Professional Fee Claim for compensation for services rendered and reimbursement of expenses prior to the Effective Date is **August 13, 2010**, which is sixty (60) days after the Effective Date. Any holder of such a Professional Fee Claim that fails to file and serve such an application on or before August 13, 2010 shall be deemed to have waived such Professional Fee Claim in full, and such Professional Fee Claim shall be deemed barred and discharged. Any party in interest with standing to object to a Professional Fee Claim must file an objection within twenty-one (21) days after the date the fee application is served. No hearing may be held on such Professional Fee Claim until the twenty-one (21) day objection period has expired.

4. **Claims Objection Deadline: September 13, 2010**. In accordance with section 9.1 of the Plan and the Confirmation Order, the deadline (unless extended by the Bankruptcy Court for cause) for the filing of objections to Claims in Classes 1-3 or 5 is **September 13, 2010**, which is the first Business Day ninety (90) days after the Effective Date.

5. **Preferred Stock Interest Objection Deadline: September 13, 2010**. In accordance with section 9.1.2 of the Plan and the Confirmation Order, the deadline (unless extended by the Bankruptcy Court for cause) for the Liquidating Trustee to file an objection to the allowance of a Preferred Stock Interest is **September 13, 2010**, which is the first business day ninety (90) days after the Effective Date. Only the Liquidating Trustee may object to the allowance of a Preferred Stock Interest.

**PLEASE TAKE FURTHER NOTICE** that as of the Effective Date: (i) the Initial Trust Assets vested in the PR Liquidating Trust, including, without limitation, all claims and Causes of Action held by any Debtor's Estate against any Person; and (ii) the assigment and transfer to, and vesting in, the PR Liquidating Trust of all personal claims against third parties by holders of Preferred Stock Interest pursuant to section 4.6.3 of the Plan and the Confirmation Order are effective without the need for further action by any Person or the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Findings of Fact may be obtained from either: (i) the Bankruptcy Court's website at http://www.txnb.uscourts.gov, via ECF/PACER, (ii) the Epiq Bankruptcy Solutions, LLC's website at http://chapter11.epiqsystems.com/providentroyaltiesllc.; or (iii) upon written request to Lee J. Pannier with Munsch Hardt Kopf & Harr, P.C. at lpannier@munsch.com.

Date: June 15, 2010.

                              **MUNSCH HARDT KOPF & HARR, P.C.**

                              By: /s/ Kevin M. Lippman
                                 Joseph J. Wielebinski
                                 Texas Bar No. 21432400
                                 Kevin M. Lippman
                                 Texas Bar No. 00784479
                                 Lee J. Pannier
                                 Texas Bar No. 24066705
                                 500 North Akard Street
                                 3800 Lincoln Plaza
                                 Dallas, Texas 75201-6659
                                 Telephone: (214) 855-7500
                                 Facsimile: (214) 855-7584

                              **COUNSEL FOR DENNIS L. ROOSSIEN, JR., PLAN AGENT**