Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | Case No. 09-33886-HDH |
| | § | (Jointly Administered) |
| Debtors. | § | |

## FEE APPLICATION COVER SHEET

| | |
|---|---|
| Fee Application: | Third and Final |
| Applicant: | Dennis L. Roossien, Jr., Chapter 11 Trustee |
| Time Period: | July 2, 2009 through June 14, 2010 |
| Capacity: | Chapter 11 Trustee |
| Retainer Received: | None |

***Compensation Period (February 1, 2010 through June 14, 2010)***

| | |
|---|---|
| Total Fees: | $96,526.00 |
| Total Expenses: | $27.50 |
| Fees and Expenses Paid Per Modified Fee Procedure Order: | $77,220.80 |

**FEE APPLICATION COVER SHEET – Page 1**

| | |
|---|---|
| Unpaid Amount: | $19,305.20 |
| Total Hours: | 283.90 |

*<u>Engagement Period (July 2, 2009 through June 14, 2010)</u>*

| | |
|---|---|
| Total Fees: | $303,586.00 |
| Total Expenses: | $142.37 |
| Fees and Expenses Paid Per Modified Fee Procedure Order: | $242,868.80 |
| Unpaid Amount: | $19,305.20 |
| Total Hours: | 892.90 |

Dated: August 12, 2010      /s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584

Case 09-33886-hdh11    Doc 926    Filed 08/12/10    Entered 08/12/10 16:24:12    Desc
Main Document    Page 3 of 16

Joseph J. Wielebinski
Texas Bar No. 21432400
Kevin M. Lippman
Texas Bar No. 00784479
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C**.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

*Attorneys for Dennis L. Roossien, Jr.,*
*Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*,[1] | § | Case No. 09-33886-HDH |
| | § | (Jointly Administered) |
| Debtors. | § | |

## THIRD AND FINAL APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 15, 2010, AT 2:30 P.M. (CST), AT THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS, EARLE CABELL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

---

[1] The Debtors include the following: Provident Royalties, LLC, Case No. 09-33886; Provident Operating Company, LLC, Case No. 09-33893; Somerset Lease Holdings, Inc., Case No. 09-33892; Somerset Development, Inc., Case No. 09-33912; Provident Energy 1, LP, Case No. 09-33888; Provident Resources 1, LP, Case No. 09-33887; Provident Energy 2, LP, Case No. 09-33894; Provident Energy 3, LP, Case No. 09-33899; Shale Royalties II, Inc., Case No. 09-33889; Shale Royalties 3, LLC, Case No. 09-33891; Shale Royalties 4, Inc., Case No. 09-33890; Shale Royalties 5, Inc., Case No. 09-33895; Shale Royalties 6, Inc., Case No. 09-33896; Shale Royalties 7, Inc., Case No. 09-33898; Shale Royalties 8, Inc., Case No. 09-33900; Shale Royalties 9, Inc., Case No. 09-33902; Shale Royalties 10, Inc., Case No. 09-33901; Shale Royalties 12, Inc., Case No. 09-33903; Shale Royalties 14, Inc., Case No. 09-33905; Shale Royalties 15, Inc., Case No. 09-33904; Shale Royalties 16, Inc., Case No. 09-33906; Shale Royalties 17, Inc., Case No. 09-33913; Shale Royalties 18, Inc., Case No. 09-33907; Shale Royalties 19, Inc., Case No. 09-33908; Shale Royalties 20, Inc., Case No. 09-33910; Shale Royalties 21, Inc., Case No. 09-33909; and Shale Royalties 22, Inc., Case No. 09-33911.

**THIRD AND FINAL APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES** – Page 1

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT ON OR BEFORE SEPTEMBER 6, 2010, WHICH IS TWENTY-FOUR (24) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Dennis L. Roossien, Jr. (the "Trustee"), the Chapter 11 Trustee for the bankruptcy estates of Provident Royalties, LLC and its affiliates (collectively, the "Debtors"), files his third and final application (the "Application"), pursuant to sections 326, 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of fees and expenses for the period February 1, 2010 through June 14, 2010 (the "Compensation Period") and for the allowance, on a final basis, of the Trustee's fees and expenses that were previously allowed by the Court on an interim basis, respectfully stating as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## II. BACKGROUND

3. On June 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the above-styled and jointly administered bankruptcy cases (the "Bankruptcy Cases").

4. On July 1, 2009, the Securities and Exchange Commission (the "<u>SEC</u>") filed its *Complaint*[2] with United States District Court for the Northern District of Texas (the "<u>District Court</u>") against the Defendants and the Relief Defendants (as defined in the Complaint). The SEC sought, among other things, the appointment of a receiver over the property and the estates (the "<u>Receivership Estates</u>") of the following Defendants and Relief Defendants: Provident Royalties, LLC; Provident Asset Management, LLC; Provident Energy 1, LP; Provident Resources 1, LP; Provident Energy 2, LP; Provident Energy 3, LP; Shale Royalties II, Inc.; Shale Royalties 3, LLC; Shale Royalties 4, Inc.; Shale Royalties 5, Inc.; Shale Royalties 6, Inc.; Shale Royalties 7, Inc.; Shale Royalties 8, Inc.; Shale Royalties 9, Inc.; Shale Royalties 10, Inc.; Shale Royalties 12, Inc.; Shale Royalties 14, Inc.; Shale Royalties 15, Inc.; Shale Royalties 16, Inc.; Shale Royalties 17, Inc.; Shale Royalties 18, Inc.; Shale Royalties 19, Inc.; Shale Royalties 20, Inc.; Provident Operating Company, LLC; Somerset Lease Holdings, Inc.; Somerset Development, Inc.; Shale Royalties 21, Inc.; and Shale Royalties 22, Inc. (collectively, the "<u>Receivership Defendants</u>"). The Receivership Defendants are, for all practical purposes, the Debtors in the Bankruptcy Cases and, therefore, the Receivership Estates are also, for all practical purposes, the Debtors' bankruptcy estates (the "<u>Estates</u>").

5. The following day, the Honorable Sam A. Lindsay granted the SEC the relief it requested in the SEC Action and entered the *Order Granting Temporary Restraining Order, Appointing Receiver, Freezing Assets, Staying Litigation, Prohibiting the Destruction of Documents and Accelerating Discovery* (the "<u>District Court Order</u>"), thereby, in effect, appointing the Trustee as the receiver of the Debtors. Thereafter, the Trustee, represented by

---

[2] The "Complaint" is that certain pleading filed by the SEC with the District Court, thereby commencing Civil Case No. 3-09-CV-1238-L (the "<u>SEC Action</u>") . The Complaint is supported by the SEC's *Memorandum of Law in Support of Motion for Ex Parte Order Freezing Assets and Other Emergency Relief, in Support of Motion to Appoint Receiver and Order to Show Cause Why a Preliminary Injunction Should Not Issue*, which the SEC filed the same day as the Complaint.

**THIRD AND FINAL APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES** – Page 3

Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), proceeded to act as the trustee for the Estates.

6. On July, 17, 2009, the Bankruptcy Court and the District Court each entered the *Stipulation Approving Protocol for the Receiver to Serve as Chapter 11 Trustee in the Bankruptcy Cases* (the "Protocol").[3] The Protocol validated the District Court Order by formally appointing the Trustee as the Chapter 11 trustee in the Bankruptcy Cases pursuant to section 1106 of the Bankruptcy Code, and, at the same time, allowing the Trustee to continue to act as the receiver in the SEC Action , in accordance with the District Court Order and subject to the conditions set forth in the Protocol.

7. On July 20, 2009, the U.S. Trustee's Office appointed the Trustee to serve as the Chapter 11 trustee in the Bankruptcy Cases. By order [Docket No. 119] (the "Appointment Order") entered on the same day, the Trustee's appointment was confirmed and approved by the Court. A true and correct copy of the Appointment Order is attached hereto as **Exhibit A**.[4]

8. On June 10, 2010, the Court entered its *Order Confirming Fourth Amended Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 860] (the "Confirmation Order"), confirming the *Fourth Amended Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code* [Docket No. 748] (the "Plan"). The confirmed Plan provides, among other things, for the liquidation of the Debtors' remaining assets and for the Trustee to act as the Plan Agent responsible for the liquidation of the Debtors' Estates.

---

[3] The Protocol was agreed to, accepted, and approved in all respects by the receiver, the SEC, the Official Committee of Unsecured Creditors, the Official Investors Committee (at such time being an ad hoc committee), the Honorable Sam A. Lindsay, and the Honorable Harlin D. Hale.

[4] The exhibits to the Application have been filed with the Court, but are not being served on the parties receiving service of the Application via United States mail. Upon written request, Munsch Hardt will provide the exhibits to a requesting party at no charge.

9. On June 14, 2010, the Plan became effective (the "Effective Date").

### III. SUMMARY OF THE APPLICATION

**A. The Compensation Period**

10. The Trustee requests final approval of his fees in the amount of $96,526.00 and expenses in the amount of $27.50, for a total of $96,553.50, incurred during the Compensation Period, and that the Court authorize the payment of the Trustee's unpaid fees in the amount of $19,305.20. The Trustee's invoices providing detailed time entries are attached hereto as **Exhibit B**. A summary of the Trustee's fees, expenses, payments received, and the amount unpaid is attached hereto as **Exhibit C-1**.

11. During the Compensation Period, the Trustee expended 283.90 in the performance of his duties as Trustee. A breakdown reflecting the various project areas in which the Trustee expended time during the Compensation Period is set forth below and in the summary attached hereto as **Exhibit D-1**.

12. During the Compensation Period, the Trustee incurred actual expenses in the amount of $27.50. A summary of the expenses incurred by the Trustee during the Compensation Period is attached hereto as **Exhibit E-1**.

**B. The Engagement Period**

13. During the period July 2, 2009 through June 14, 2010 (the "Engagement Period"), the Trustee's fees totaled $303,728.37 and his expenses totaled $142.37. A summary of the Trustee's fees, expenses, payments received, and the amount unpaid is attached hereto as **Exhibit C-2**.

14. During the Engagement Period, the Trustee expended 892.90 hours in the performance of his duties. A breakdown reflecting the various project areas in which the Trustee

expended time during the Engagement Period is set forth below and in the summary attached hereto as **Exhibit D-2**.

15. During the Engagement Period, the Trustee incurred actual expenses in the amount of $142.37. A summary of the expenses incurred by the Trustee during the Compensation Period is attached hereto as **Exhibit E-2**.

16. The Trustee requests that his fees and expenses previously allowed by this Court on an interim basis, totaling $207,174.87, be allowed on a final basis.

17. The Trustee has not received a retainer in connection with his appointment as Trustee.

### IV. PRIOR APPLICATIONS

A. **Interim Compensation Procedures**

18. On July 2, 2009, the Debtors filed their *Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* [Docket No. 64] (the "Interim Compensation Procedures Motion"). On July 31, 2009, the Court entered its order granting the Interim Compensation Procedures Motion [Docket No. 152] (the "Interim Compensation Procedures Order"). Among other things, the Interim Compensation Procedures Order allows the Debtors to pay, absent an objection, eighty percent (80%) of the monthly fees and one hundred percent (100%) of the monthly expenses of all professionals retained in the Bankruptcy Cases, including professionals retained by the Official Committee of Unsecured Creditors (the "Creditors' Committee") or the Official Investors' Committee (the "Investors' Committee" and together with the Creditors' Committee, the "Committees"). Additionally, the Interim Compensation Procedures Order requires each professional retained in

the Bankruptcy Cases to file interim fee applications beginning on November 2, 2009, and thereafter at approximately four (4) month intervals.

19. On September 4, 2009, the Trustee filed his *Motion to Modify the Order Granting Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* [Docket No. 255] (the "Modified Interim Compensation Procedures Motion"). The Modified Interim Compensation Procedures Motion sought Court approval to include the Trustee, as well as his attorneys and financial advisors, as "Professionals" for the purpose of the Interim Compensation Procedures Order and to authorize the Trustee and his professionals to seek interim compensation pursuant to the procedures therein. On September 16, 2009, the Court entered an order [Docket No. 295] (the "Modified Interim Compensation Procedures Order") granting the Modified Interim Compensation Procedures Motion.

**B.     First Interim Fee Application**

20. On November 3, 2009, the Trustee filed the *First Interim Application of Dennis L. Roossien, Jr., Chapter 11 Trustee, for the Allowance of Fees and Expenses for the Period July 2, 2009 through September 30, 2009* [Docket No. 392] (the "First Interim Fee Application").

21. During the time period encompassed in the First Interim Fee Application, the Trustee rendered a total of 246.10 hours of professional services on behalf of the Debtors' Estates, resulting in fees of $83,674.00 (100%). There were no reimbursable expenses requested in the First Interim Fee Application.

22. An order approving the First Interim Fee Application was entered on December 9, 2009, and the Trustee's fees have been paid in accordance with the Interim Fee Procedures Order and the Modified Interim Fee Procedures Order.

C.  **Second Interim Fee Application**

23. On February 26, 2009, the Trustee filed the *Second Interim Application of Dennis L. Roossien, Jr., Chapter 11 Trustee, for the Allowance of Fees and Expenses for the Period October 1, 2009 through January 31, 2010* [Docket No. 585] (the "Second Interim Fee Application").

24. During the time period encompassed in the Second Interim Fee Application, the Trustee rendered a total of 362.90 hours of professional services on behalf of the Debtors' Estates, resulting in fees of $123,386.00 (100%) and reimbursable expenses of $114.87 (100%), totaling $123,500.87.

25. An order approving the Second Interim Fee Application was entered on March 25, 2010, and the Trustee's fees have been paid in accordance with the Interim Fee Procedures Order and the Modified Interim Fee Procedures Order.

## V.  REQUEST FOR ALLOWANCE

A.  **Standards for Allowance of Fees and Expenses**

26. Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary professional services rendered by a professional in the case, determining the reasonableness of the compensation requested based upon the nature, extent and value of such services. Similarly, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of such services. Specifically, section 330 provides in pertinence:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . or a professional person employed under section 327 . . . --
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

>(B) reimbursement for actual, necessary expenses.
>
>. . .
>
>(3) In determining the amount of reasonable compensation to be awarded to . . . [a] trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
>>(A) the time spent on such services;
>>
>>(B) the rates charged for such services;
>>
>>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>>
>>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>
>>(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skills and expertise in the bankruptcy field; and
>>
>>(F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1) and (3).

27. In considering the reasonableness of fees requested under section 330, the Fifth Circuit has traditionally used the lodestar method, whereby the loadstar is calculated by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate in the community and then adjusted upward or downward based upon the factors listed in section 330(a)(3) and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] *See In re Cahill*, 428 F.3d 536, 539-40 (5th Cir. 2005); *see also Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *Donaldson Lufkin & Jenrette Secs. Corp. v.*

---

[5] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues addressed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

**THIRD AND FINAL APPLICATION OF DENNIS L. ROOSSIEN, JR., CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF FEES AND EXPENSES** – **Page 9**

*National Gypsum Co. (In re National Gypsum Co.)*, 123 F.3d 861, 863 (5th Cir. 1997); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

**B.  Application of Standards to the Trustee's Request for Fees**

28.  The Trustee requests final allowance of the fees incurred during the Compensation Period in the amount of $96,526.00. Such fees are reasonable and supported under the factors set forth in section 330(a)(3) and *Johnson*.

*(a)  Time Spent on Services and Nature of Services Rendered*

29.  During the Compensation Period, the Trustee expended a total of 283.90 hours managing the Debtors' Estates. A full description of the work performed by the Trustee can be found in the attached **Exhibit B**; nevertheless, a summary of the most significant matters handled by the Trustee during the Compensation Period is provided below.

> **Case Administration**. The Trustee spent 57.40 hours under this category for total fees of $19,516.00. This category includes, among other things, the time spent by the Trustee to: attend meetings with the SEC and with the Munsch Hardt team to discuss the Bankruptcy Cases; direct responses to inquiries related to the Bankruptcy Cases; confer with Bridge regarding operational and financial issues; review and approve weekly disbursements; and coordinate the preparation of filing of the monthly operating reports for the Debtors.
>
> **Communications with Committees**. The Trustee spent 15.80 hours under this category for total fees of $5,372.00. This category includes, among other things, the time spent by the Trustee to: prepare for and attend meetings and telephone conferences with the Committees to discuss various issues in the Bankruptcy Cases.
>
> **Asset Sales/Disposition**. The Trustee spent 9.20 hours under this category for total fees of $3,128.00. This category includes, among other things, the time spent by the Trustee to: continue management of asset sales; confer with parties interested in purchasing the Debtors' assets; evaluate competing bids on the assets; and review and execute all conveyance documents.
>
> **Claims Analysis/Objections**. The Trustee spent 81.80 hours under this category for total fees of $27,812.00. This category includes, among other things, the time spent by the

Trustee to: evaluate various claims asserted against the Debtors and direct the Munsch Hardt team and Bridge regarding the approach in addressing those claims.

**D&O Claims**. The Trustee spent 68.10 hours under this category for total fees of $23,154.00. This category includes, among other things, the time spent by the Trustee to: monitor and direct efforts concerning the investigation of potential claims against former directors and officers of the Debtors; coordinate the review and preservation of documents in connection with D&O claims; evaluate the D&O claims; attend witness interviews; and prepare for and met with counsel for various parties regarding the D&O claims.

**Business Operations**. The Trustee spent 14.90 hours under this category for total fees of $5,066.00. This category includes, among other things, the time spent by the Trustee to: address staffing and transition issues; and address issues concerning well operations and cash flow.

**Disclosure Statement/Plan of Reorganization**. The Trustee spent 27.30 hours under this category for total fees of $9,282.00. This category includes, among other things, the time spent by the Trustee to: work with Munsch Hardt, Bridge and the Committees on formulating the Plan and the strategy for implementing same; prepare for and attend the hearings on the approval of the Disclosure Statement and the Plan; participate in negotiations concerning objections filed to the Disclosure Statement and the Plan; and prepare for and attend the contested Disclosure Statement hearing and the confirmation hearing on the Plan.

*(b)* *Rates Charged for Such Services and Their Customary Nature*

30. Pursuant to the Trustee's approved fee arrangement in the Bankruptcy Cases, the Trustee's fees have been determined on an hourly fee basis, utilizing an hourly rate of $340. This hourly rate is lower than the rate normally charged by the Trustee. Although most trustees are paid a percentage-based compensation pursuant to 11 U.S.C. § 326(a), the Trustee voluntarily agreed to be compensated at an hourly billing rate that is less than his normal hourly billing rate. This agreement by the Trustee provided a substantial savings to the Debtors' Estates and thus provided additional funds for distribution to investors.

*(c)* *Reasonableness of Fees*

31. The Trustee submits that his experience and expertise serving as a fiduciary in other cases of similar or larger proportion and in complex litigation matters resulted in the

efficient handling of difficult tasks which would otherwise have required a greater expenditure of time had a less experienced trustee handled these matters. Furthermore, the Trustee voluntarily billed his time at an hourly billing rate that is less than his normal hourly billing rate.

### *(d) Necessary and Beneficial Nature of Services*

32. The Trustee submits that his efforts generally described above have been both necessary and beneficial to the Estates and the administration of the Bankruptcy Cases. Among other things, the Trustee has consummated the sales of leasehold assets and mineral assets, and investigated and litigated claims that could provide potential recovery for the Debtors' Estates. During the Compensation Period, the Trustee supervised and coordinated the activities of his professionals, and was actively involved in addressing Plan issues.

### *(e) Reasonableness of Time Expended and Time Constraints*

33. The Trustee expended only that time which he deemed necessary to accomplish his objectives in the Bankruptcy Cases. While certain of the issues encountered during the Compensation Period were not unduly complicated, many others were complex, novel and extremely time-consuming.

34. Given the contentious nature of certain matters in the Bankruptcy Cases and the situation in which the Trustee was appointed, the Trustee has been required to devote substantial amounts of time to the Bankruptcy Estates. This, in turn, has limited his ability to take on other significant, long-term engagements.

**C.** **Application of Standards to Trustee's Request for Allowance of Expenses**

35. The Trustee requests allowance of the expenses actually incurred during the Compensation Period in the amount of $27.50. These expenses consist of charges for long distance telephone calls that were provided by outside vendors and passed on at the actual cost

incurred by the Trustee, together with in-house photocopies that are charged at $.20 per page, the same rates applied to Munsch Hardt's clients outside of the bankruptcy context.

36.   To the best of the Trustee's knowledge, all of the expenses sought to be allowed and reimbursed are in compliance with the U.S. Trustee's Guidelines.

## VI.   CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court:

(i)   allow, on a final basis, the Trustee's fees and expenses that were previously allowed by the Court on an interim basis, totaling $207,174.87;

(ii)   approve the final allowance of compensation for services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred during the Compensation Period in the aggregate amount of $96,553.50;

(iii)   authorize the immediate payment of the unpaid amount owing to the Trustee during the Compensation Period totaling $19,305.20; and

(iv)   grant the Trustee such other and further relief as is just and equitable.

Respectfully submitted on this 12th day of August, 2010.

    /s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr., Chapter 11 Trustee
Texas Bar No. 00784873
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584

## CERTIFICATE OF COMPLIANCE

This is to certify that I have read the foregoing Application, that to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and reimbursement sought is in conformity with the U.S. Trustee's Guidelines, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Munsch Hardt Kopf & Harr, P.C. and generally accepted by its clients.

/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr.

## CERTIFICATE OF SERVICE

On this 12th day of August, 2010, the undersigned hereby certifies that he caused Epiq Bankruptcy Solutions, LLC, as service agent, to serve a true and correct copy of the foregoing Application, without exhibits, upon all parties on the Master Service List, as updated from time to time, via first-class mail, postage prepaid, and upon the parties shown below, with exhibits, via electronic mail.

| | |
|---|---|
| Holland N. O'Neil<br>honeil@gardere.com | Michael Rochelle<br>buzz.rochelle@romclawyers.com |
| Daniel C. Scott<br>dcscott@gardere.com | David Phelps<br>dphelps@bridgellc.com |
| R. David Garlock<br>dgarlock@bridgellc.com | Tonya Ramsey<br>tramsey@velaw.com |
| Dennis L. Roossien<br>droossien@munsch.com | George F. McElreath<br>George.f.mcelreath@usdoj.gov |

/s/ Lee J. Pannier
Lee J. Pannier